DECIDED MAY 30, 1985.

*Barry R. Chapman*, for appellant.
*Elsie Higgs Griner*, for appellee.

## 70088. NORTON v. THE STATE.
### (332 SE2d 43)

CARLEY, Judge.

Appellant was tried before a jury and convicted of theft by taking. Appellant's motion for new trial was denied and he appeals.

1. Appellant enumerates as error the trial court's charge on the presumption that arises from "recent, unexplained possession of stolen property." In *Williamson v. State*, 248 Ga. 47, 57, fn. 9 (281 SE2d 512) (1981), the Supreme Court approved a charge for cases wherein the presumption is the sole evidence that the defendant was the perpetrator of the crime. That charge is applicable in theft by taking cases. *Chaney v. State*, 169 Ga. App. 616, 617, fn. 1 (314 SE2d 457) (1984). The contested instruction in the instant case is not in the exact language of the charge approved in *Williamson*. However, it is sufficiently similar so as not to constitute reversible error. " 'Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cit.]' [Cit.]" *Urban v. State*, 152 Ga. App. 110, 111 (262 SE2d 259) (1979). The evidence here was sufficient to authorize a rational trior of fact to find appellant guilty beyond a reasonable doubt of theft by taking. See *Chaney v. State*, supra at 616 (1).

2. Appellant also asserts that the trial court's employment of the word "culpability" on several occasions during the charge was erroneous. Apparently, the contention is that the jury was thereby incorrectly instructed that appellant could be convicted on proof of less than his "guilt" for the commission of a crime and that his explanation of the recent possession of the stolen property could not be accepted unless it purported to relieve him of all "misdoing," not just his criminal responsibility for its theft.

" 'Formerly, the primary meaning of the English word "culpable" was criminal; deserving punishment. . . . In popular use, the primary meaning has now shaded down to: deserving blame or censure; blameworthy. [Cit.]' [Cit.]" *Cain v. State*, 55 Ga. App. 376, 380 (190 SE 371) (1937). Thus, "culpability" and "criminal responsibility" are not necessarily synonymous terms. However, in the instant case the trial court repeatedly charged on the State's burden to prove appellant's

*guilt* beyond a reasonable doubt, including proof of the element of his "criminal intent." The trial court also instructed the jury that appellant was "not required . . . to show that his recent possession of the automobile was obtained in a lawful manner. Rather it is sufficient . . . that the automobile came into his custody in a way other than committing the theft, as alleged." Accordingly, although it is perhaps the better practice to employ the term *"criminal* culpability" as a synonym for "guilt" in a criminal case, the trial court's failure to follow that practice in the instant case did not prejudice appellant. Considering the charge as a whole, the jury could not have construed the word "culpability" as having a reference other than to appellant's criminal responsibility.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1985.

*Robert M. Bearden, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.