## 76007. MYLES v. THE STATE.
(368 SE2d 574)

BENHAM, Judge.

This appeal is from appellant's conviction of burglary.

1. In his first enumeration of error, appellant contends that the trial court erred in denying appellant a continuance for the purpose of obtaining a report concerning a court-ordered psychiatric examination. We find no error in that regard.

Although he had represented appellant in this case for several months, defense counsel did not request a psychiatric examination until six days before trial was scheduled. The prosecuting attorney explained to the court, without demurrer from defense counsel, that he had been able to arrange for an examination of appellant notwithstanding the shortness of notice, and that although no written report was yet available, the examiner had told the prosecuting attorney, who had promptly informed defense counsel, that the results of the examination would not support a claim of incompetency to stand trial or a defense of insanity. Under those circumstances, we find no abuse of the discretion with which a trial court is vested in considering motions for continuance. *O'Neal v. State*, 254 Ga. 1 (2) (325 SE2d 759)

(1985).

2. The second issue raised by appellant is the sufficiency of the evidence. The testimony and exhibits at trial showed that a computer and its accessories, valued together at $1,500, were stolen from a church in a burglary. Within 30 hours of the burglary, appellant pawned the computer and accessories for $100 in a town some 70 or 80 miles from the scene of the burglary. The officer who arrested appellant testified that appellant made a statement in which he claimed to have bought the computer in an auction for $150. At trial, appellant testified that the officer had invented the statement. Appellant also testified that he had no memory at all of the burglary or of the pawnshop. Although the proprietor of the pawnshop testified that appellant showed him a driver's license, appellant denied that he had been issued one.

Considering the proof of the commission of a burglary, appellant's recent possession of the goods stolen in that burglary, and the conflicts between his testimony and his statements, along with all the other circumstances of the case, we find the evidence sufficient to authorize a rational trier of fact to find appellant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williamson v. State*, 248 Ga. 47 (1) (281 SE2d 512) (1981). Appellant's reliance on *Knowles v. State*, 124 Ga. App. 377 (4) (183 SE2d 617) (1971), for the proposition that unauthorized entry cannot be inferred from recent possession of stolen goods is unavailing. There, the evidence did not independently establish an unauthorized entry; here, it did.

3. Finally, appellant contends that the trial court's instruction to the jury on the inference which may arise from proof of possession of goods recently stolen in a burglary was burden-shifting. The trial court's charge was almost verbatim the charge approved by the Supreme Court in Division 2 of *Williamson,* supra, and is not subject to appellant's attack.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 11, 1988.

*Jerry C. Gray,* for appellant.

*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney,* for appellee.