A89A0671. CORLEY v. THE STATE.
(383 SE2d 586)

CARLEY, Chief Judge.
Appellant was charged with two traffic offenses: driving under the influence in violation of former OCGA § 40-6-391 (a) (4); and, disregarding a stop sign in violation of OCGA § 40-6-72 (b). After a jury

trial, he was found guilty of both charges. He brings this appeal from the judgments of conviction and sentences that were entered by the trial court on the jury's guilty verdicts.

1. The trial court's denial of appellant's motion for a directed verdict is enumerated as error.

The State's expert witness could not testify with complete certainty that, at the time that appellant wrecked his car, his blood alcohol level was 0.12 percent or more. However, the evidence did show that, more than an hour *after* appellant had last driven, his blood alcohol level was 0.20 percent. In addition, two witnesses for the State gave graphic descriptions of appellant's drunken state. The testimony of these two witnesses was entirely consistent with the description given by the State's expert witness of the behavior of one having a blood alcohol level in excess of 0.12 percent. After a review of the record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court's admission of evidence regarding the results of appellant's blood test is enumerated as error.

Appellant's initial contention is that "the trial court erred in admitting the results of a blood alcohol test where no proper foundation as to the qualifications of the technician who took the blood had been laid by the State. [Appellant] first raised this issue after the close of the State's evidence by motion to strike the evidence. No objection was made by [appellant] contemporaneously with the challenged testimony. [Cit.] [Appellant] would excuse the lack of a timely objection because the trial court allowed the State [C]rime [L]aboratory witness to testify out of the normal chain of custody order. However, as the grounds of [appellant's] motion to strike [are] unrelated to the chain of custody issue we cannot agree. The trial court's exercise of its discretion on the order of witnesses as to the chain of custody in no way extended the appropriate time for objections by [appellant] as to other issues." *McNabb v. State*, 180 Ga. App. 723, 724-25 (3) (350 SE2d 314) (1986).

Appellant also contends that the chain of custody for his blood sample was not established. The State offered the testimony of the officer who watched as the blood was taken and who eventually mailed the sample. The State also offered the testimony of the State Crime Laboratory chemist who had received the sample and had analyzed it. The testimony of these two witnesses was sufficient to establish the chain of custody, there being no evidence, but only a bare speculation, of tampering. See *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981).

3. The failure of the trial court to grant a mistrial is enumerated

as error.

Appellant's contention is that the trial court, in responding to an objection to the State's closing argument, expressed an impermissible personal opinion on the credibility of a witness. The record does not support this contention. It shows that the trial court was merely explaining its ruling on the objection. " ' "[R]emarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." [Cit.]' " *Faulkner v. State*, 186 Ga. App. 879, 880 (2) (368 SE2d 820) (1988). Moreover, shortly after the trial court had made its ruling on the objection, it fully instructed the jurors that they were the sole and exclusive judges of the credibility of the witnesses. In view of this full instruction, the error, if any, was rendered harmless. See *Gann v. State*, 166 Ga. App. 172, 175 (2) (303 SE2d 510) (1983).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 5, 1989 —
REHEARING DENIED JUNE 21, 1989 — ■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■

*Virgil L. Brown & Associates, Virgil L. Brown*, for appellant.
*John T. Newton, Jr., Solicitor*, for appellee.

