## A89A1109. MABES v. THE STATE.
(385 SE2d 322)

DEEN, Presiding Judge.

This appeal was docketed on February 27, 1989. Mabes' brief and enumeration of errors were due on March 20, 1989. No brief or enumeration of errors was timely filed, and on March 27, 1989, counsel sought an extension of time. He was granted an extension until 4:30 p.m., March 31, 1989. Nothing was filed on that date. On April 3, 1989, he made a written request to permit late filing of his brief and enumeration of errors. This motion is denied. The docketing notice sent to appellant included an order stating that if briefs and an enumeration of errors were not filed when due, the appeal would be subject to dismissal. Appellant was granted one extension after his brief and enumeration of errors were seven days overdue. He will not be granted another.

We will, however, examine the record and transcript for error under the rule set forth in *Conyers v. State*, 183 Ga. App. 591 (359 SE2d 454) (1987), which declines to dismiss the appeal for failure to comply with the rules and order of this court. *Held*:

We have reviewed the record submitted on appeal and find no error.

*Judgment affirmed. Birdsong, J., concurs. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

Being unable to agree with the treatment of this appeal by the majority, but agreeing that appellant's conviction should be affirmed, I must file a special concurrence.

The majority opinion correctly states that appellant's brief was due on March 20, 1989, but none was filed, and that on March 27, 1989, appellant's attorney requested an extension of time to file a brief, stating that he had unexpectedly been on trial for several weeks. The majority opinion is also technically correct that an extension was granted, but it fails to mention that at approximately 12:00 p.m. on March 31, 1989, this court first notified appellant's attorney's office in Dalton, Georgia, over 100 miles away, that he had been granted an extension until 4:30 p.m. that same day. The message was communicated to counsel in court at 2:00 p.m. An extension of time of 2-½ hours to prepare and file an appellate brief and enumeration of errors is no extension at all. Therefore, I must respectfully disagree with the majority opinion which states that "[a]ppellant was granted one extension after his brief and enumeration of errors were seven days overdue. He will not be granted another." Because appellant did file a brief on the next business day, April 3, 1989, it is my considered opinion that this court should give full and complete consideration to appellant's brief and his sole enumeration of error, which challenges the sufficiency of the evidence to support a conviction for burglary.

The record shows that appellant and another were arrested while in possession of items stolen from the house which was the site of the burglary. Testimony of the persons authorized to care for the house established the dates of the burglaries, and testimony of members of the household in which appellant was staying established appellant's involvement in the burglaries. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of two counts of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Myles v. State*, 186 Ga. App. 817 (2) (368 SE2d 574) (1988). This court should say so.

DECIDED JULY 6, 1989.

*Bates, Kelehear & Starr, Harlan M. Starr*, for appellant.

*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.