A99A2449. NORRIS v. THE STATE.
(523 SE2d 80)

McMurray, Presiding Judge.

Defendant was tried before a jury and convicted of child molestation. This appeal followed the denial of his motion for new trial. *Held*:

Defendant challenges the denial of his motion for mistrial, contending the trial court improperly bolstered the nine-year-old victim's credibility in violation of OCGA § 17-8-57. This assertion is based on the trial court's response to defense counsel's objection during the following portion of the State's redirect examination of the victim:

[DEFENSE COUNSEL]: Judge, one or two leading questions is enough but he's over doing the leading.

THE COURT: This is a child and I'm going to allow a fair amount of leading. But at this point this is a right articulate young lady.

[STATE'S ATTORNEY]: Yes, Your Honor.

THE COURT: And I think that if you ask her what happened, either one of you, you're going to find out what happened. So just ask her.

[STATE'S ATTORNEY]: Okay.

[DEFENSE COUNSEL]: Your Honor, without any disrespect to the Court I want to object to that last remark because I think it's an expression of the Court on the credibility of this witness.

THE COURT: Not credibility but she's capable of telling what happened. I'm not commenting on anything other than with many children of this, these tender years we pull teeth and we pull statements out and the child is curled up and so forth. This is a child that is capable of testifying for herself. That's what I said and that's what I meant and I think the jury and everybody else understood that to be the case. Now, ask her a question and see if I'm right or wrong.

Although OCGA § 17-8-57 prohibits a trial judge in any criminal case from expressing or intimating an opinion as to what has or has not been proved or as to the guilt of the accused, the comments which are challenged in the case sub judice do not constitute a statement of opinion either as to proof or as to defendant's guilt. Nor does it

appear, in context, that the trial court's comments went to the victim's veracity. It appears the trial court was merely commenting on the nine-year-old victim's competence to testify as this issue relates to defense counsel's "leading questions" objection to the State's attorney's redirect examination of the victim. A trial judge's explanation for a ruling on an objection neither constitutes an expression of opinion nor amounts to a comment on the evidence. *Corley v. State*, 192 Ga. App. 35, 36 (3) (383 SE2d 586); *Faulkner v. State*, 186 Ga. App. 879, 880 (2) (368 SE2d 820). Since the trial court did not impermissibly bolster the nine-year-old victim's credibility in the case sub judice, defendant's motion for mistrial was properly overruled. See *Hendricks v. State*, 157 Ga. App. 715 (1), 716 (278 SE2d 453).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 4, 1999.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Samuel G. Merritt, Assistant District Attorney*, for appellee.