## A00A1902. FOWLER v. THE STATE.
### (541 SE2d 447)

JOHNSON, Chief Judge.

Mitchell Fowler was convicted of burglary, theft by taking and obstructing a law enforcement officer. He appeals, claiming that evidence of his presence near the crime scene and possession of the items stolen in the burglary is not sufficient to support the convictions. Contrary to Fowler's claim, there is sufficient evidence to support the convictions.

Around 8:00 on a January night in 1998, a sheriff's deputy was driving on the South Dalton Bypass when he saw Fowler walking on the side of the road. The deputy stopped his car, got out and approached Fowler, who had his hand in his jacket pocket. The deputy asked Fowler to remove his hand from the pocket. When Fowler took his hand out of the pocket, he was holding a black object. Fowler then turned and fled from the deputy, throwing down objects as he ran up an embankment and over the bypass. The deputy called for backup and then chased and caught Fowler. A short time later, a backup deputy arrived and helped place Fowler in custody.

The deputies searched Fowler and the area of the chase. In Fowler's jacket pockets, they found jewelry, a jewelry box, broken glass, gloves and a flashlight. On a nearby embankment, they found a black pouch containing personal papers belonging to a family by the name of Caldwell.

While the deputies were searching the area, they received a call that the home of Herman Caldwell, located about 100 yards from the area where the deputy first encountered Fowler, had been burglarized. The burglar had entered the Caldwell residence by breaking a glass storm door and had stolen the jewelry, personal papers and black pouch that were later found on or near Fowler. The broken glass found in Fowler's jacket matched the glass from the broken door at the Caldwell home.

Fowler denied that he burglarized the Caldwell home, claiming that he had found the stolen items on the side of the road. He explained that while walking on the bypass he saw another person walking ahead of him drop a paper bag. Fowler said that he picked up the bag and put its contents in his coat pocket. The sheriff then

arrived, and Fowler fled because he was scared.

On appeal, the evidence is viewed in the light most favorable to support the verdict, and the appellant is no longer presumed innocent; moreover, an appellate court determines the sufficiency of the evidence and does not weigh the evidence or determine witness credibility.[1] Here, Fowler's presence near the burglary scene, his flight from the sheriff, his possession of the items stolen in the burglary, his possession of burglary tools — gloves and a flashlight, his possession of glass from the broken door at the crime scene and his inability to give a plausible explanation for his presence on the bypass or his possession of the stolen property are all evidence of his guilt. Having reviewed the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found Fowler guilty beyond a reasonable doubt of burglary, theft and obstruction.[2]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 2, 2000.

*Jerry W. Moncus*, for appellant.

*Kermit N. McManus, District Attorney, Forest L. Miles, Assistant District Attorney*, for appellee.

---

[1] *Flanders v. State*, 230 Ga. App. 316 (496 SE2d 344) (1998).

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jones v. State*, 242 Ga. App. 357, 358-359 (1) (529 SE2d 644) (2000); *Willis v. State*, 241 Ga. App. 813-815 (1) (527 SE2d 895) (2000).