## A02A0521. MARTIN v. THE STATE.
(561 SE2d 154)

ELLINGTON, Judge.

A Greene County jury convicted Terrance Martin of two counts of burglary, OCGA § 16-7-1. He appeals from the denial of his motion for new trial, contending the evidence was insufficient to support the judgment of conviction and that the trial court's instruction to the jury on recent unexplained possession of stolen goods was "legally defective." Finding no error, we affirm.

1. When reviewing the sufficiency of evidence to support a conviction on appeal, this Court views all evidence in the light most favorable to the jury's verdict and does not weigh the evidence or judge witness credibility. *Fowler v. State*, 246 Ga. App. 639, 640 (541 SE2d 447) (2000). The defendant is no longer presumed innocent. Id. This Court determines only whether the evidence presented was sufficient for a rational juror to find the defendant guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hanson v. State*, 229 Ga. App. 205, 206 (1) (493 SE2d 605) (1997).

Viewed in this light, the evidence showed that during the summer of 2000, someone stole a chainsaw and a pressure washer from Willis Johnson's garage at his Greene County home. Johnson discovered the theft in late July 2000. He testified that he last used the pressure washer on July 15, 2000. He reported the thefts to the Greene County Sheriff's Office on July 30, 2000. Johnson testified that he suspected Martin of the burglary because Martin had performed yard work at Johnson's home in May 2000. Over the next few weeks, Martin was very persistent in offering to do additional yard work, even though Johnson consistently refused Martin's offer to work. Johnson testified that he never gave Martin the authority to enter his garage.

The evidence also showed that, on or about July 20, 2000, someone broke into Dan Robinson's Greene County home and took a television, VCR, and other items. Robinson was on vacation in Florida at the time. A friend went to Robinson's home to feed the cats on July 20, 2000, and the house was intact. When the friend returned the next day, he discovered that someone had broken a window and stolen the television and VCR. He reported the theft to police. At trial, Robinson testified that Martin had worked for him at his home but that he had never given Martin permission to enter the house.

Officers investigating burglaries in the area discovered that Martin had pawned Johnson's chainsaw on June 22, 2000, and the pressure washer on July 19, 2000. Martin also pawned Robinson's items at approximately 4:00 p.m. on July 21, 2000, within hours of the burglary. The officers arrested Martin on August 3, 2000. Martin

told the officers that, two weeks before his arrest, he had purchased all of the items he had pawned from a white man in a Ford Bronco with several rebel flags and Putnam County tags. Martin did not know the man's name or how to contact him. When officers confronted Martin with the fact that some of the pawns had been made several weeks before he allegedly purchased the items, Martin became "very harsh" and the interview ended. The officers contacted Putnam County officials, who were unable to identify the man or vehicle based upon Martin's information. Subsequently, on August 17, 2000, officers told Martin he was being charged with burglarizing Robinson's home, and Martin "blurted out" that Robinson had given him the television and VCR. Robinson, however, denied that he had given or sold the items to Martin.

> Although the evidence of recent, unexplained (or unsatisfactorily explained) possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary, the sufficiency of the evidence to support the conviction must still be adjudged by the totality of the evidence under the reasonable doubt standard applied in *Jackson v. Virginia,* [supra]. Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation. What constitutes recent possession is in all cases a jury question, to be determined very largely from the character and nature of the stolen property. In the case sub judice, the verdict reflects the jury's dissatisfaction with [Martin's] explanation.

(Citations and punctuation omitted.) *Hanson v. State,* 229 Ga. App. at 206 (1). See also *Faust v. State,* 189 Ga. App. 426, 427 (1) (375 SE2d 889) (1988). Considering the proof of the commission of the burglaries; Martin's prior presence at the sites of the burglaries; Martin's recent, almost contemporaneous, possession of the goods stolen; his conflicting statements to the police and his abrupt change of demeanor when presented with a blatant inconsistency; and other circumstances presented, we find that this evidence was sufficient for a rational juror to find Martin guilty beyond a reasonable doubt of burglarizing the homes of Johnson and Robinson. *Hanson v. State,* 229 Ga. App. at 206 (1); *Myles v. State,* 186 Ga. App. 817, 818 (2) (368 SE2d 574) (1988); *Williams v. State,* 171 Ga. App. 624, 625 (320 SE2d 546) (1984) (noting evidence of defendant's prior visits to the site of the burglary).

2. Martin contends the trial court's jury instruction on recent unexplained possession of stolen goods was incomplete because it did not include the suggested instruction from *Williamson v. State*, 248 Ga. 47, 57-58, n. 9 (281 SE2d 512) (1981).[1] This instruction is to be used when recent, unexplained possession is the *only* evidence that the defendant committed the burglary. Id. We do not have to decide, however, whether the instruction was required in this case, given the additional evidence presented that supported the guilty verdict, because the trial court's instruction was sufficiently similar to the approved charge so as to not constitute reversible error. See *Norton v. State*, 174 Ga. App. 905 (1) (332 SE2d 43) (1985). The trial court gave the pattern jury instruction on recent unexplained possession of stolen goods,[2] as well as instructing the jury on the presumption of innocence and the State's burden of proving every element of the crimes as indicted beyond a reasonable doubt.

"Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence." (Citations and punctuation omitted.) *Norton v. State*, 174 Ga. App. at 905 (1). Having reviewed the jury instructions as a whole, we

---

[1] When the recent, unexplained possession of stolen goods is the only evidence that the defendant was the perpetrator of the crime, the Supreme Court approved the following jury charge:

I charge you that if you find the crime of burglary has been committed in the way and manner charged in the indictment, and certain personal property was stolen as a result of the burglary, and if recently thereafter, the defendant was found in possession of such stolen property or any part thereof, you will be permitted, but not required, to infer that the defendant committed the burglary. If you find from the evidence that there is another explanation of the defendant's possession, consistent with his innocence, you may not draw an inference that he committed the burglary. There being no other evidence that the defendant was the perpetrator of the crime, before you can convict, you must believe the existence of the inferred fact beyond a reasonable doubt.

*Williamson v. State*, 248 Ga. at 57-58, n. 9.

[2] The trial court instructed the jury as follows:

If you should find, beyond a reasonable doubt, that the crimes of burglary have been committed, as charged in this indictment, and certain personal property was stolen as a result of such crime; and, if recently thereafter the Defendant should be found in possession of the stolen property or any of the stolen property, that would be a circumstance, along with all the other evidence, from which you may infer guilt as to the charge of burglary as set forth in this indictment, if you see fit to do so, unless there should be, from the evidence, a reasonable explanation of the possession of such property consistent with a plea of innocence, which is a question solely for you, the jury, to determine. In a prosecution for burglary where the state relies upon Defendant's recent possession of allegedly stolen goods for conviction, it is absolutely essential that the identity of the stolen articles be indisputably established. What constitutes recent possession of stolen goods is in all cases a jury question, to be determined very largely from the character and nature of the stolen property.

find no reversible error. Id.; see also *Williamson v. State*, 248 Ga. at 57-58 (1) (c) (holding that the charge was not unconstitutionally burden shifting); *Myles v. State*, 186 Ga. App. at 818 (3).

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 22, 2002.

*Robert E. Surrency*, for appellant.

*Fredric D. Bright, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney*, for appellee.