## A02A1543. KEMP v. THE STATE.
(571 SE2d 412)

JOHNSON, Presiding Judge.

Clarence Kemp appeals from his aggravated assault conviction. He argues that there is insufficient evidence supporting the conviction, that his trial counsel was ineffective, and that the conviction is the result of prosecutorial misconduct. The arguments are without merit, and we therefore affirm Kemp's conviction.

1. On appeal from a criminal conviction, the appellant is no longer presumed innocent, and we do not weigh the evidence or determine witness credibility. Rather, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found beyond a reasonable doubt that the accused is guilty of the crimes charged.[1]

In the instant case, the state presented, among other evidence, testimony from the victim, the victim's co-worker who witnessed the assault, and a security guard who also saw the assault. According to their testimony, the victim and his co-worker were walking in the parking lot of a shopping mall when they were accosted by Kemp. Although the victim and co-worker did not know Kemp, he began talking to them and walked with them toward the mall entrance. Kemp followed them into the mall and then, without provocation, attacked the victim.

Kemp came from behind the victim, grabbed him around the neck, and punched him on the top of the head. The victim lost consciousness and slumped to the floor. Kemp, who was wearing work boots, then repeatedly stomped his boots on the victim's chest and face, driving the victim's head into the floor. The stomping left boot imprints on the victim and caused him to bleed from his mouth and head.

Two mall security guards saw the attack and ran to help the victim. They subdued Kemp, put him in handcuffs, and detained him until a police officer arrived to arrest him. Kemp told the police officer that the victim had bumped into him in the parking lot. The

[1] *Martin v. State*, 254 Ga. App. 40 (1) (561 SE2d 154) (2002).

victim was taken by ambulance to a hospital, where he was treated for injuries from the assault.

Contrary to Kemp's argument, there is sufficient evidence to support the verdict. A rational trier of fact could have found beyond a reasonable doubt that Kemp is guilty of aggravated assault for stomping the victim with his boot-clad feet.[2]

2. Kemp complains that his trial counsel was ineffective in failing to challenge the sufficiency of the indictment and in admitting Kemp's guilt during her opening argument. The complaints are baseless.

Kemp incorrectly posits that the indictment here is defective because it fails to allege that he assaulted the victim with a deadly weapon. No such allegation was necessary in the indictment. OCGA § 16-5-21 (a) (2) provides that a person commits the offense of aggravated assault when he assaults with a deadly weapon *or* with any object which, when used offensively against a person, is likely to or actually does result in serious bodily injury. This is a disjunctive clause that sets forth alternative methods of committing the crime either with a deadly weapon *or* with any other object that is likely to, or actually does, cause serious injury.[3] Because the aggravated assault indictment here charged that Kemp's kicking feet were likely to cause serious bodily injury, no reference to a deadly weapon was required.[4] Consequently, any such challenge to the indictment by trial counsel would have been futile, and counsel's failure to pursue a meritless challenge cannot amount to ineffective assistance.[5]

Kemp also misconstrues trial counsel's opening argument. Rather than admitting Kemp's guilt as to the charged crime of aggravated assault, counsel told the jury that although Kemp got into an altercation with the victim and kicked him, his conduct did not rise to the level of being an aggravated assault. "Counsel's decision as to which theory of defense to pursue is a matter of strategy and tactics; and, as a general rule, matters of tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel."[6]

3. Kemp alleges prosecutorial misconduct based on the prosecutor's introduction of evidence that Kemp's boot-clad feet were a deadly weapon and based on the prosecutor's closing argument that finding Kemp guilty of simple battery would be a slap on the wrist. Kemp failed to raise these objections during his trial, and therefore

---

[2] See *Wright v. State*, 211 Ga. App. 474, 475 (440 SE2d 27) (1993); *Lubiano v. State*, 192 Ga. App. 272, 273-274 (1) (a) (384 SE2d 410) (1989).

[3] *Jay v. State*, 232 Ga. App. 661, 662 (1) (503 SE2d 563) (1998).

[4] Id.

[5] *Banks v. State*, 244 Ga. App. 191, 192 (1) (c) (535 SE2d 22) (2000).

[6] (Citations and punctuation omitted.) *Craft v. State*, 254 Ga. App. 511, 521-522 (13) (563 SE2d 472) (2002).

he cannot raise them for the first time on appeal. "[T]he contemporaneous objection rule cannot be avoided by characterizing trial occurrences as examples of prosecutorial misconduct."[7]

Moreover, we have reviewed the allegations made by Kemp and find no misconduct by the prosecutor, and further find that even if the prosecutor's actions were deemed improper, there is no reasonable probability that such impropriety contributed to the verdict.[8]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 10, 2002.

*Dell Jackson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Marc A. Mallon, Assistant District Attorneys*, for appellee.

---

[7] (Citation and punctuation omitted.) *Ledford v. State*, 264 Ga. 60, 67 (18) (a) (439 SE2d 917) (1994).

[8] See *Carr v. State*, 275 Ga. 185, 186 (2) (563 SE2d 850) (2002).