## A02A2410. MARTINEZ v. THE STATE.
### (577 SE2d 82)

ELLINGTON, Judge.

A Gwinnett County jury convicted Rigoberto Martinez of trafficking in cocaine, OCGA § 16-13-31 (a). He appeals from the denial of his motion for new trial, contending the trial court erred in limiting his cross-examination of witnesses, his voir dire of the jury pool, and his closing arguments. He claims the trial court should have excused a juror for cause, and that there was insufficient evidence to support his conviction. Finding no error, we affirm.

On appeal from a criminal conviction, this Court does not weigh the evidence or judge the credibility of witnesses. *Martin v. State*, 254 Ga. App. 40 (1) (561 SE2d 154) (2002). We view all evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. Id. Viewed in this light, the evidence showed that, on October 4, 2000, a confidential informant ("CI") worked with a Gwinnett County Drug Task Force investigator to arrange a controlled buy of 17 ounces of cocaine for the price of $9,350 from Roberto Morales. Morales told the CI that several cars would be carrying several people to the designated location of the sale, the Checkered Parrot Restaurant in Gwinnett County. The investigator and CI arrived at the restaurant just after midnight on October 5, 2000. Morales and Martinez, the defendant, arrived shortly thereafter.

The investigator, pretending to be a drug buyer, got out of his car and talked with the men. The investigator told them that he needed to see the cocaine before he would give them the money. Morales and Martinez walked back to the car. Morales retrieved a one-ounce bag of cocaine from the car and then walked back to the investigator and gave it to him. Martinez waited by the car. The investigator testified that he was concerned about Martinez because he perceived the defendant's presence as a "show of force" by Morales in case trouble erupted. A few moments later, the investigator gave the "take down" signal and the men were arrested. The arresting officers searched the car and discovered an additional 16 ounces of cocaine on the floorboard. The cocaine weighed a total of just over 450 grams. The entire transaction was videotaped, and the State played the tape for the jury at trial.

1. In two enumerations, Martinez contends the trial court erred in failing to grant his motion for directed verdict of acquittal and in

failing to grant his motion for new trial based on insufficient evidence. Martinez contends the evidence showed only that he was "merely present" at the scene of the crime.

> On appeal, we apply the same standard in reviewing the denial of a motion for directed verdict of acquittal as we do in reviewing the sufficiency of the evidence, that is, whether, after considering the evidence in a light most favorable to support the jury's verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Footnote omitted.) *Brooks v. State*, 252 Ga. App. 389, 390 (3) (556 SE2d 484) (2001).

In this case, Martinez arrived at the restaurant in a car that contained 17 bags of cocaine. He approached the investigator with Morales and walked back to the car with Morales after the investigator asked to see the cocaine. While Morales showed a bag of cocaine to the investigator, Martinez stood by the car in a manner the investigator described as a "show of force." Following the presentation of evidence at trial, the trial court charged the jury on mere presence and on party to a crime. We find the evidence sufficient for a jury to find that Martinez was guilty beyond a reasonable doubt of trafficking in cocaine as either a principal in the transaction or as a party to the crime. OCGA § 16-2-20;[1] *Sharpe v. State*, 213 Ga. App. 280, 282 (1) (444 SE2d 600) (1994) (while mere presence at a crime scene is insufficient to support a conviction, "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred") (citations and punctuation omitted).

2. Martinez complains that the trial court erred when it failed to excuse for cause a retired firearms investigator who had been employed by the Georgia Bureau of Investigation Crime Laboratory. We disagree. There was no evidence that he was a sworn police officer or that he had arrest powers. See *Hutcheson v. State*, 246 Ga. 13, 14 (1) (268 SE2d 643) (1980) (full-time police officer who is challenged for cause must be excused); cf. *Smith v. State*, 201 Ga. App. 82 (1) (410 SE2d 202) (1991) (no error in court's refusal to strike a *retired* police officer for cause). During voir dire, the juror stated that his former employment would not cause him to be biased in this case

---

[1] Under OCGA § 16-2-20, a person may be convicted as a party to a crime if the evidence shows he directly committed the crime, intentionally aided or abetted the commission of the crime, or intentionally advised, encouraged, hired, counseled, or procured another to commit the crime.

and that he would decide this case based on the evidence presented. Accordingly, we find no error. *Mosher v. State*, 268 Ga. 555, 557 (2) (491 SE2d 348) (1997) (no error in refusing to disqualify an employee of the Federal Law Enforcement Training Center who worked as an instructor); *Woods v. State*, 224 Ga. App. 52, 53 (1) (479 SE2d 414) (1996) (no error in refusing to strike for cause an instructor employed by the GBI); see also *Denison v. State*, 258 Ga. 690 (4) (373 SE2d 503) (1988) (no automatic disqualification for people less connected with law enforcement than full-time police officers).

3. Martinez asserts that the trial court erred in refusing to allow him to question a potential juror about his opinion on the country's "ongoing war against drugs." Martinez relies on OCGA § 15-12-133, which provides that during voir dire, the State and the defendant each have "the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the case, including . . . any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action or the counsel or parties thereto." While we agree that this provision gives wide latitude to the parties during voir dire, we have previously held that

> [t]he single purpose of voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias or prior inclination. Counsel on voir dire should confine his questions to those which may illustrate any prejudice of the juror against the accused or any interest of the juror in the cause.

(Citations and punctuation omitted.) *Freeman v. State*, 132 Ga. App. 615, 616 (208 SE2d 625) (1974). The trial court still "retains the discretion to limit the examination [of prospective jurors] *to questions dealing directly with the specific case and to prohibit general questions*." (Citations omitted; emphasis supplied.) *Chastain v. State*, 255 Ga. 723, 724 (1) (342 SE2d 678) (1986); see also *Merrill v. State*, 130 Ga. App. 745, 750 (3) (c) (204 SE2d 632) (1974) (no error in refusing to allow defense counsel's questions regarding the government's position on the decriminalization of marijuana). We find that the trial court in this case did not abuse its discretion in refusing to allow Martinez's general question about the country's war on drugs. See *Ross v. State*, 194 Ga. App. 285 (1) (390 SE2d 429) (1990) (we will not disturb a trial court's decision to limit voir dire absent an abuse of discretion).

4. In two enumerations, Martinez contends the trial court improperly limited his closing argument and commented on the evi-

dence in violation of OCGA § 17-8-57.[2] The exchange at issue was initiated by the following statement of defense counsel during closing argument: "Ladies and gentlemen, you know, if you don't think that police officers will subtly shade their testimony in order to make it look better. . . ." The State interrupted with an objection, arguing that there had been no evidence presented to support this accusation. Without ruling on the objection, the trial court told counsel that he could argue reasonable assumptions if there was evidence to support the assumption. Defense counsel then stated that he had "the utmost respect for our officers in blue, but they enforce the rules, they should play by the rules, and when they take an oath, they should take the oath. . . ." Again the State objected, and the trial court sustained the objection. The court questioned counsel as follows: "Counsel, we're getting back in there. If there's anything in this case — you're lambasting officers in general, but what is there in this case that would authorize such a statement to be made as to any officers that appeared here today?" Counsel did not respond to the question, but abandoned this argument.

(a) Even though parties are given great latitude during closing arguments, the allegation that *police officers in general* routinely shade their testimony at trial and violate police rules was not appropriate, as Martinez was unable to show *any evidence* to support this allegation. See *Terrell v. State*, 271 Ga. 783, 787 (5) (523 SE2d 294) (1999) (inferences during closing argument must be supported by evidence at trial); *Barnes v. State*, 269 Ga. 345, 355 (16) (496 SE2d 674) (1998) (accord). As to counsel's insinuation that the testifying officers in this case were committing perjury or otherwise "shading" their testimony, the court gave counsel the opportunity to point to trial evidence that supported his allegations, and counsel failed to do so. "[T]he trial court has discretion to determine the range of proper closing argument." (Citation omitted.) *Terrell v. State*, 271 Ga. at 787 (5). After review of the record, we find the trial court did not abuse its discretion in sustaining the State's objection to counsel's arguments. Id.

(b) Although Martinez failed to move for a mistrial or object to the court's comments about the lack of evidence to support his allegations of police misconduct, we must still "consider whether the court violated OCGA § 17-8-57 and, if so, whether the violation constituted an obvious error or one that seriously affected the fairness, integrity, and public reputation of [this] judicial proceeding[ ]." (Citations and

---

[2] "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." OCGA § 17-8-57.

punctuation omitted.) *Hunt v. State*, 247 Ga. App. 464, 468 (5) (542 SE2d 591) (2001) (court's comments are examined for plain error).

We find that the trial court's statements were clearly intended to explain his ruling that this line of argument was impermissible. "A trial judge's explanation for a ruling on an objection neither constitutes an expression of opinion nor amounts to a comment on the evidence." (Citations omitted.) *Norris v. State*, 240 Ga. App. 231, 232 (523 SE2d 80) (1999). We find no error.

5. Martinez's remaining enumeration is deemed abandoned due to his failure to cite to any authority for it in his brief. See Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Smith, C. J., and Eldridge, J., concur.*

DECIDED JANUARY 31, 2003.

*Scott A. Drake*, for appellant.

*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.