S05A0908. WILLIAMS v. THE STATE.
(619 SE2d 649)

HINES, Justice.

Timothy Shawn Williams appeals his convictions for malice murder and possession of a firearm during the commission of a felony in connection with the fatal shooting of Earl Welch. Williams challenges the convictions on the grounds that his closing argument was improperly limited in content and that he suffered ineffective assistance of trial counsel. Finding the challenges to be without merit, we affirm.[1]

---

[1] The crimes occurred on March 7, 2003. On May 29, 2003, a Henry County grand jury indicted Williams for malice murder, felony murder while in the commission of aggravated assault, and possession of a firearm during the commission of a felony. Williams was tried before a jury November 4-6, 2003, and was found guilty of all charges. On November 6, 2003, he was

The evidence construed in favor of the verdicts showed that in the early hours of March 7, 2003, Williams drove to Brisendine Road in McDonough. He was armed with a loaded 9 millimeter semi-automatic pistol. Williams parked his car and walked around the street corner to speak with a young man called "Pop" and was told by Earl Welch and some others that "Pop" was in jail. Williams walked across the street with Welch. Williams and Welch had a verbal exchange about money and drugs. Welch left, and returned with another man. Williams drew his pistol and shot Welch in the chest, fatally wounding him.

Williams ran to his car which was parked out of sight and fled the scene. He returned home and attempted to hide his car. The police came to Williams's home and found him hiding in a closet. The pistol used in the shooting was hidden in the cushions of Williams's sofa. Williams gave a statement to the police, in which he initially denied involvement in the shooting; he said he was home with his dog. Williams then admitted he shot Welch, explaining that he had done so because Welch and another man had "done him wrong." During the interview, Williams did not show any remorse over the shooting.

At trial, Williams testified: he "pulled" his pistol when Welch and the other man came towards him; the unnamed man walked away; Welch grabbed Williams's pistol; Williams "snatched" it back; Williams "stumbled back and tripped," and "the gun went off." Williams agreed that Welch was unarmed.

1. The evidence was sufficient for a rational trier of fact to find Williams guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The State and the defense stipulated the results of two crime lab toxicology reports conducted post-mortem on Welch. It is undisputed that during closing arguments, which were not reported, the State objected to statements by defense counsel regarding the prosecution's failure to introduce witnesses or any other evidence about the reports. The trial court found defense counsel's choice of words during his argument to be inappropriate and so stated. Defense counsel continued closing argument without objecting to the court's action.

sentenced to life in prison for the malice murder and five years in prison for the firearm possession; the felony murder stood vacated by operation of law. A motion for new trial was filed on December 1, 2003, amended on September 28, 2004, and denied on November 2, 2004. Reconsideration was denied on November 17, 2004. A notice of appeal was filed on October 22, 2004, and the appeal was docketed in this Court on February 17, 2005. The case was submitted for decision on April 11, 2005.

Williams contends that such court action improperly limited his closing argument and was reversible error. He argues that the trial court improperly protected the prosecution from the consequences of not mentioning the information itself and also hurt defense counsel's credibility, making counsel's behavior seem inappropriate in front of the jury. But the arguments are wholly unavailing.

Although closing arguments were not reported, no transcript is needed. Even accepting Williams's version of the circumstances of his argument and the State's consequent objection, it is apparent that the trial court's refusal to allow the argument was proper. Williams's contention ignores the fact that although the permissible scope of closing argument is broad, it is not without limit. *Barnes v. State*, 269 Ga. 345, 355 (16) (496 SE2d 674) (1998); *Morgan v. State*, 267 Ga. 203 (1) (476 SE2d 747) (1996). The trial court has the discretion to determine the range of proper closing argument. *Terrell v. State*, 271 Ga. 783, 787 (5) (523 SE2d 294) (1999). Closing argument is appropriate as long as it is derived from evidence properly before the factfinder. *Morgan v. State*, supra at 206 (3).

Here, the State and the defense entered into a stipulation regarding the evidence. The jury was informed of the stipulation and defense counsel was permitted to read the reports to the jury, which showed Welch's blood and urine specimens positive for cocaine, cocaine metabolites, and alcohol. There is nothing to suggest that the State was attempting to conceal the test results. In fact, the record demonstrates quite the contrary. At the hearing on Williams's motion for new trial, the stated reason for the prosecution entering into the stipulation was to aid the defense in getting the information to the jury without requiring the defendant to call witnesses in order to do so. Therefore, there was no abuse of the trial court's discretion in refusing to allow the defense to suggest otherwise. *Terrell v. State*, supra at 787 (5).

3. Williams contends that his trial counsel rendered ineffective assistance in two respects. However,

[i]n order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable

professional conduct. [Cit.] *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Sims v. State*, 278 Ga. 587, 589 (3) (604 SE2d 799) (2004). Williams does not carry his burden.

(a) Williams urges that his trial counsel was ineffective for failing to ask the trial court to direct the court reporter to take down closing arguments, and therefore, he has been foreclosed from a ruling by this Court on the merits of his contention that there was an erroneous restriction of his closing argument. But, the trial court's refusal to allow the argument was proper. See Division 2, supra. Therefore, Williams cannot demonstrate any prejudice from the failure to ask that closing argument be reported, and thereby, does not carry his claim of ineffective assistance of trial counsel.[2] *Sims v. State*, supra at 589 (3).

(b) There is likewise no merit to Williams's further contention that trial counsel was ineffective for failing to request an instruction on involuntary manslaughter. The jury was charged on both self-defense and accident. Yet, Williams urges that a charge on accident was unwarranted; he claims that the evidence instead authorized the jury to find that he acted with criminal negligence in handling the pistol, and consequently, that the jury was required to be instructed on involuntary manslaughter in the commission of an unlawful act. See OCGA § 16-5-3 (a). But "[a] charge on involuntary manslaughter is not warranted even if it is the sole defense if the evidence does not support the charge." *Hayes v. State*, 261 Ga. 439, 443 (6) (a) (405 SE2d 660) (1991). Contrary to Williams's assertion, there was no evidence to support a charge on involuntary manslaughter. Williams's own trial testimony was not that he pointed the pistol at the victim or anyone else, but rather that the pistol discharged accidentally when he stumbled back after regaining control of the weapon. *Brown v. State*, 277 Ga. 53, 55 (2) (586 SE2d 323) (2003).

Inasmuch as a jury charge on involuntary manslaughter was not warranted, trial counsel cannot be found ineffective for failing to request it. *Glenn v. State*, 279 Ga. 277, 278 (2) (612 SE2d 478) (2005).
*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*Lloyd J. Matthews*, for appellant.

---

[2] Williams also asserts that if closing arguments had been reported, the State would not have made "questionable objections, because of the chilling effect produced by the court reporter taking it down." As has been discussed, the State's objection with regard to his closing argument was not questionable; it was warranted.

Tommy K. Floyd, District Attorney, Thomas L. Williams, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General, for appellee.