A07A1458. LIPSEY v. THE STATE.
(652 SE2d 870)

RUFFIN, Judge.

A jury found Orin Lipsey guilty of trafficking in cocaine, possessing cocaine with intent to distribute, possessing less than one ounce

---

of marijuana, possessing tools for committing a crime, and two counts of misdemeanor obstruction of a law enforcement officer. Lipsey appeals, challenging the sufficiency of the evidence. He also argues that the trial court erred in refusing to give a requested jury instruction and in limiting his closing argument. Finally, he contends that he received ineffective assistance of counsel at trial. For reasons that follow, we affirm.

1. In reviewing Lipsey's challenge to the sufficiency of the evidence, we construe the evidence in a light favorable to the jury's verdict.[1] We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury was authorized to find Lipsey guilty beyond a reasonable doubt of the crimes charged.[2]

So viewed, the evidence shows that at approximately 3:16 a.m. on June 7, 2003, Officer Robbie Beddow of the Savannah-Chatham Metropolitan Police Department observed a car operating without working tail lights. Beddow stopped the car and discovered Lipsey in the front passenger seat. Shortly after the stop, Officers Mike Delatorre and Raymond Retzer arrived at the scene. As Beddow spoke with the driver, Delatorre approached the car's passenger side and noticed that Lipsey was behaving oddly, sitting very still "like . . . a statue."

When Beddow asked the driver to exit the vehicle, Delatorre walked to the driver's side of the car and looked through the open door toward Lipsey. He noticed a large bulge in the left front pocket of Lipsey's pants. Delatorre asked about the bulge, and Lipsey responded that he had a brown paper bag in his pocket. Lipsey pulled the bag from the pocket, opened it slightly, and removed a paper towel. Although Lipsey then tried to conceal the bag, Delatorre saw a piece of plastic inside it, raising his suspicion that the bag contained drugs packaged in plastic. At that point, Lipsey reached for the door handle, and Delatorre told Retzer to keep Lipsey in the car. Retzer pushed the car door shut, but Lipsey continued to try to get out of the vehicle, despite Delatorre's instruction to remain inside.

Lipsey eventually forced his way out of the car, and Delatorre ran to help Retzer. The two officers grabbed Lipsey, who was moving around "aggressively" and trying to break free. Beddow came over to assist, and although he sprayed Lipsey with pepper spray, Lipsey managed to pull away from the officers and run. Delatorre pursued and, after spraying Lipsey again with pepper spray, subdued him.

During the altercation, the brown paper bag fell to the ground and broke, scattering some of its contents. A search of the paper bag

---

[1] See *Copeland v. State*, 273 Ga. App. 850, 854 (2) (616 SE2d 189) (2005).

[2] See id.

and the surrounding area revealed several plastic bags containing over twenty-eight grams of cocaine with a purity greater than ten percent, as well as less than one ounce of marijuana. The State offered evidence that the amount of cocaine seized was consistent with distribution. In his pocket, Lipsey also had a digital scale commonly used by individuals to weigh drugs intended for distribution, a glass pipe that Lipsey admittedly used to smoke crack cocaine, and a "push rod" for the pipe.

The evidence presented supported the jury's verdicts. Particularly given Delatorre's testimony that the drugs found at the scene came from the bag Lipsey removed from his pocket, the jury was authorized to find that Lipsey trafficked in cocaine, possessed cocaine with intent to distribute, and possessed less than one ounce of marijuana.[3] On appeal, Lipsey claims that the State failed to prove intent to distribute, pointing specifically to his own testimony that the seized cocaine could have been used for personal consumption. But the amount of cocaine at issue, as well as Lipsey's possession of digital scales typically used to weigh drugs for distribution, permitted the jury to discount his testimony and find that he intended to distribute the drugs.[4]

In addition, Lipsey admittedly had the glass pipe and digital scale in his pocket at the time of his arrest. Given the evidence connecting such drug paraphernalia to the use and distribution of cocaine, the jury was authorized to find him guilty of possessing tools for committing a crime.[5] Lipsey's effort to resist the officers — which Delatorre and Retzer testified hindered them in carrying out their duties — further supported the convictions for misdemeanor obstruction of a law enforcement officer.[6] Accordingly, we find no merit in Lipsey's challenge to the sufficiency of the evidence.

2. Lipsey argues that the trial court erred in refusing to give his requested jury instruction on the equal access defense. The purpose of an equal access charge "is to rebut the permissive presumption of exclusive possession [of contraband] by the owner or driver of a

---

[3] See OCGA §§ 16-13-31 (a) (1); 16-13-30 (b), (j) (1); 16-13-2 (b).

[4] See *Beck v. State*, 286 Ga. App. 553, 554 (1) (a) (650 SE2d 728) (2007); *Copeland*, supra; see also *Davis v. State*, 287 Ga. App. 478, 481 (5) (a) (651 SE2d 750) (2007) (jury authorized to reject testimony of defendant that "merely created a question of fact").

[5] See OCGA § 16-7-20 (a); *Washington v. State*, 283 Ga. App. 570, 572 (3) (642 SE2d 199) (2007); *Cook v. State*, 226 Ga. App. 113, 115 (1) (485 SE2d 595) (1997). Lipsey does not argue — and thus we need not address — whether he should have only been sentenced for the misdemeanor offense of possession and use of drug related objects pursuant to the "rule of lenity." See *Washington*, supra at 572-574 (4); OCGA § 16-13-32.2.

[6] See OCGA § 16-10-24 (a); *Meeker v. State*, 282 Ga. App. 77, 79 (1) (637 SE2d 806) (2006).

vehicle."[7] As noted by our Supreme Court, such charge "is appropriate to counter a jury instruction on presumption of possession, and is not necessary otherwise."[8]

No presumption of possession arose in this case. Lipsey was neither the driver of the vehicle nor proven to be the owner. And rather than relying on such presumption, the State offered Delatorre's testimony that he saw the drug-filled paper bag in Lipsey's *actual* possession. Finally, the record shows that the trial court did not instruct the jury on a presumption of possession. Under these circumstances, an equal access charge was not necessary, and the trial court properly refused to give it.[9]

3. Lipsey claims that the trial court erred in limiting his closing argument by barring him "from arguing the lack of fingerprint evidence." At the close of the evidence, the State moved in limine to prevent argument regarding fingerprints. The trial court denied the motion in part, finding that Lipsey could present general argument regarding the State's failure to offer fingerprint evidence. The court further found, however, that evidence had not been presented at trial regarding any efforts the police made to obtain fingerprints in the case or the types of surfaces from which fingerprints could be lifted. It thus prohibited Lipsey from arguing to the jury that the State could have obtained fingerprints from the paper or plastic bags at issue, but failed to do so.

Although the scope of closing argument is broad, it is not unlimited, and the trial court has discretion "to determine the range of proper closing argument."[10] Moreover, closing argument must be "derived from evidence properly before the factfinder."[11] The trial court determined that no evidence had been presented regarding fingerprint procedures or techniques. Lipsey did not counter this finding below with citation to any evidence, and he has pointed to no evidence on appeal showing that the trial court abused its discretion in making its ruling. We further note that, as explicitly permitted by the trial court, Lipsey argued generally during closing argument that the State had not presented fingerprint evidence tying him to the drugs. Accordingly, the trial court did not abuse its discretion in partially limiting his closing argument.[12]

[7] *State v. Johnson*, 280 Ga. 511, 512 (630 SE2d 377) (2006).
[8] Id. at 513.
[9] See id.; *Nation v. State*, 252 Ga. App. 620, 624 (5) (556 SE2d 196) (2001); *Thompson v. State*, 234 Ga. App. 74, 77 (3) (506 SE2d 201) (1998).
[10] *Williams v. State*, 279 Ga. 600, 602 (2) (619 SE2d 649) (2005).
[11] Id.
[12] See id.; *Garrett v. State*, 271 Ga. App. 646, 651-652 (4) (610 SE2d 595) (2005); *Martinez v. State*, 259 Ga. App. 402, 405 (4) (a) (577 SE2d 82) (2003).

4. Finally, Lipsey argues that he received ineffective assistance of counsel at trial, asserting that counsel's deficient performance permitted the State to impeach him with a prior felony conviction. The record shows that Lipsey testified on his own behalf. During the direct examination, trial counsel asked Lipsey whether he had ever sold drugs, and Lipsey responded, "no." Thereafter, the State introduced evidence that he had previously pleaded guilty to possessing marijuana with intent to distribute.

Lipsey filed a motion for new trial asserting, among other things, that he received ineffective assistance of counsel. In the motion, however, he did not specify that counsel was ineffective for opening the door for impeachment regarding his prior conviction. He also did not mention this claim — or present any evidence or argument supporting it — at the hearing on the motion for new trial. Although trial counsel testified at the hearing, Lipsey did not question him about that topic.

" 'A defendant has an obligation to raise all allegations of ineffective assistance of counsel at the earliest practicable moment, and any allegation not raised is deemed waived.' "[13] Because Lipsey did not claim below that counsel was ineffective for opening the door to impeachment, he failed to timely raise this argument, and it is waived for purposes of appeal.[14]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

### DECIDED OCTOBER 15, 2007.

*David M. Burns, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney,* for appellee.

---

[13] *Johnson v. State,* 280 Ga. App. 341, 344 (3) (d) (634 SE2d 134) (2006).
[14] See id. at 344-345.