## S08A1586. ALEXANDER v. THE STATE.
(673 SE2d 208)

MELTON, Justice.

Following a jury trial, John Alexander was found guilty of felony murder, aggravated assault, escape, and possession of a firearm during the commission of a felony.[1] In his sole enumeration on appeal, Alexander contends that the trial court erred in granting the State's motion in limine to prevent the defense from making certain closing arguments. We affirm.

1. Viewed in the light most favorable to the verdict, the evidence reveals that, at approximately 6:00 p.m. on February 15, 2002, Alexander drove with his wife to a local shopping center and confronted Alfred Henderson about money that Henderson allegedly owed him. Alexander threatened Henderson, removed a sawed-off shotgun from his car, and shot Henderson from less than three feet away. Alexander and his wife then drove away from the scene, running over Henderson's legs in the process. Henderson later died from his gunshot wound. Soon after Alexander and his wife left the shopping center, they were pulled over by police, and Alexander's wife was arrested. Alexander admitted to police at that time that he

---

[1] On August 7, 2002, Alexander was indicted for malice murder, felony murder, two counts of aggravated assault with a deadly weapon, escape, and possession of a firearm during the commission of a felony. Following a September 9-12, 2002 jury trial, Alexander was found guilty on all counts except for malice murder and one of the aggravated assault counts. On September 12, 2002, Alexander was sentenced to life for felony murder plus five years consecutive for the possession of a firearm during the commission of a felony count. Alexander was also sentenced to 12 months, to run concurrent with his felony murder sentence, for escape. The trial court merged the remaining aggravated assault count into the felony murder count for sentencing purposes. Alexander filed a motion for new trial on October 8, 2002, and this motion was denied on February 4, 2008. Alexander's timely appeal was docketed in this Court on June 3, 2008, and submitted for decision on the briefs.

had shot Henderson, but he claimed that the shooting had occurred by accident. Police arrested Alexander, but he managed to escape police custody by sliding out of the backseat of the police car and fleeing to his sister's house. While there, Alexander called his mother-in-law and admitted to her that he had gone to a shopping center to get his money, that he was "tired of [someone] screwing [him] over" and that "he shot the bastard." Alexander was later apprehended at his sister's house. Although both Alexander and his wife made formal statements to police after their arrests, due to a malfunctioning tape recorder, only Alexander's wife's statement was recorded. At trial, the State did not introduce evidence of the post-arrest statements made to police by Alexander and his wife. Nevertheless, the evidence cited above was sufficient to enable a rational trier of fact to find Alexander guilty of all the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Alexander contends that the trial court erred in granting the State's motion in limine to prevent defense counsel from arguing that the State possessed taped interviews of Alexander and his wife that had not been introduced into evidence. However, while it is true that "the permissible scope of closing argument is broad, it is not without limit. The trial court has the discretion to determine the range of proper closing argument." (Citations omitted.) *Williams v. State*, 279 Ga. 600, 602 (2) (619 SE2d 649) (2005). In this regard, a proper closing argument must be "derived from evidence properly before the factfinder." (Citation omitted.) Id. Here, the arguments that defense counsel desired to make were not derived from the evidence. The record reveals that defense counsel wished to raise the issue of the omitted police statements in connection with the defense theory that the shooting of the victim occurred by accident. However, with respect to Alexander's statement, there was no evidence to suggest that a recorded statement even existed, let alone one that would support an accident theory, as the undisputed testimony at trial indicated that no recording was made of Alexander's statement due to a malfunctioning tape recorder. Thus, there could be no basis for commenting on the alleged existence of this statement. See id. Even if a recorded statement existed, however, it still would have been improper for defense counsel to try to raise the inference of accident by commenting on the statement's existence. Indeed, Alexander's self-serving pre-trial declaration of innocence would have been "inadmissible hearsay unless [Alexander] testifie[d] and [was] subject to cross-examination." *Parker v. State*, 276 Ga. 598 (2) (581 SE2d 7) (2003). Alexander chose not to testify at trial, and while " [t]he defendant is allowed to declare his innocence in court; he is not allowed to avoid this opportunity by pre-trial declarations of

innocence.'" Id. There could therefore be no proper commentary on Alexander's statement during closing argument, as the statement itself was inadmissible hearsay. Similarly, it would have been inappropriate for defense counsel to comment on the existence of a recorded statement by Alexander's wife in support of an accident theory, as her statement was also inadmissible hearsay in light of her decision not to testify. See id.

We find no abuse of discretion in the trial court's decision to limit the scope of defense counsel's closing argument.

*Judgment affirmed. All the Justices concur.*

### DECIDED FEBRUARY 9, 2009.

*Cook & Connelly, Rex B. Abernathy, Andrea H. Strawn*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.