## A92A1421. MARTIN v. THE STATE.
(422 SE2d 876)

POPE, Judge.

Defendant Brian Keith Martin was found guilty of two counts of child molestation and one count of aggravated child molestation of

his stepdaughter who was 12 years old at the time the acts occurred. Defendant appeals.

1. The testimony of the victim along with other evidence presented at trial was sufficient to support the conclusion that the defendant was guilty beyond a reasonable doubt. Even though defendant presented testimony in support of his defense that the victim falsely reported the crimes because she was angry with defendant for disciplining her and refusing to allow her to participate in certain activities, the weight of the evidence and credibility of witnesses is a matter for the jury. See *Belcher v. State*, 201 Ga. App. 139 (5) (410 SE2d 344) (1991).

2. We reject defendant's argument that the trial court erred in refusing his request to have the prospective jurors present during the striking of the jury. The record shows the defendant was afforded ample opportunity to question and observe each juror during voir dire and thus the requirements of OCGA § 15-12-163 were met.

3. We also reject defendant's argument that the trial court erred in permitting the State to present the audio tape recording of the victim's statement to a social worker because the social worker who recorded the statement admitted the recorder was stopped and restarted several times during the course of the interview. The social worker explained the recorder was stopped when it appeared the witness was becoming too upset to talk and was restarted every time the victim recommenced talking. For the out-of-court statement of a child under 14 to be admissible at trial the child must be available to testify and the circumstances of the statement must "provide sufficient indicia of reliability." OCGA § 24-3-16. In this case, the victim was available to testify, and we agree with the finding of the trial court that the testimony of the social worker established sufficient indicia of reliability to make the statement admissible. The pauses in the recording could be considered by the jury in evaluating the weight and credibility of the evidence, but they did not render the recording inadmissible.

4. As a part of his defense, the defendant presented the testimony of his stepson, the victim's brother. The witness was asked if defendant had ever "been mean" to the victim or the other children in the family and he responded, "No." We reject defendant's argument that the trial court erred in permitting the State to impeach this testimony by a rebuttal witness who testified she had witnessed defendant striking the victim and the other children and jerking the victim around by her hair when the State had not first cross-examined the stepson concerning his testimony. We are aware of no requirement that a witness must first be challenged on cross-examination before his testimony may be impeached by the testimony of another witness. "A witness may be impeached by disproving the

facts testified to by him." OCGA § 24-9-82.

We also reject the defendant's argument that the testimony of the rebuttal witness improperly placed his character into evidence. Testimony may be admissible for the purpose of impeaching the veracity of a witness even if it would be impermissible if offered for the purpose of impeaching the defendant's character. See *Williams v. State*, 257 Ga. 761 (5) (363 SE2d 535) (1988). Finally, we reject the defendant's argument that the statement which the State sought to impeach was immaterial and therefore it was improper to permit impeachment. The entire testimony of the defendant's stepson related to the witness' observations of the defendant's treatment of the victim and his opinion that the defendant did not have the opportunity to molest the victim

5. During the testimony of the victim, defendant requested the court to exercise its right to clear the courtroom of unnecessary persons because defendant accused a courtroom observer of coaching the witness. The witness denied she was looking at the observer or that anyone was attempting to influence her testimony. The trial judge instructed the witness to inform him if anyone tried to give her signals and the witness acknowledged the judge's instruction. Pursuant to OCGA § 17-8-54 the trial court is authorized to clear the courtroom of certain persons during the testimony of a person under 16 concerning a sex offense. As indicated by the language of OCGA § 17-8-55, which was enacted into law at the same time as OCGA § 17-8-54, the purpose of these statutes is to protect the interest of the child witness. See Ga. L. 1985, p. 1190. Thus, the trial court's failure to exercise its statutory authority to clear the courtroom did not violate defendant's rights. Since the record shows the witness' testimony was not improperly influenced by any courtroom spectator, we find no reversible error in the trial court's denial of defendant's request in this case.

6. At the commencement of the trial the State announced it had no intention of presenting expert testimony concerning the pattern of behavior of children who were sexually abused and therefore the trial court denied the defendant's request for a continuance to permit him to seek an expert witness in the case. Defendant argues the trial court then erred in permitting the State to present what the defendant argues was, in effect, expert testimony concerning typical behavior of sexually abused children. One of the State's witnesses was a social worker assigned to follow the victim after a previous report of sexual abuse. First, the defendant argues the trial court erred in admitting, over his objection, the social worker's testimony that children frequently experience difficulty in reporting sexual abuse. The record shows the witness' testimony was based on her own experience in investigating numerous child abuse cases and the witness offered no opinion concerning whether the behavior of the witness in this case

was consistent with the behavior exhibited in other cases. Thus, we reject defendant's argument that the State improperly introduced expert psychological testimony and that he was thus denied a fair trial.

Second, the defendant argues the trial court erred in admitting the social worker's testimony concerning the victim's feelings of guilt. The testimony in question was given in response to the defendant's questions on cross-examination and the defendant did not raise any objection to it at trial. Consequently, defendant is precluded from raising the issue on appeal. See *Barnwell v. State*, 197 Ga. App. 116 (4) (397 SE2d 717) (1990).

7. The trial court did not commit reversible error by permitting the State to question the victim's brother about the victim's emotional reaction to defendant's admitted sexual abuse of the victim on a previous occasion not at issue in this case. Finally, we have examined the record and reject defendant's argument that he is entitled to a new trial because of prejudice caused by various comments made by the prosecuting attorney and the trial judge.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 28, 1992 —

*Judith F. Sloman, James W. Smith*, for appellant.
*Timothy G. Madison, District Attorney, Deborah S. Wilbanks, Jeffery G. Morrow, Assistant District Attorneys*, for appellee.