S01A1148. HUFSTETLER v. THE STATE.
(553 SE2d 801)

CARLEY, Justice.

A jury found Clyde Hufstetler guilty of murdering his estranged wife, Nancy Hufstetler, two days before their divorce was to become final. He appeals from the judgment of conviction and life sentence

entered by the trial court on the guilty verdict.[1]

1. Hufstetler did not deny that he shot and killed the victim, but claimed that he was a battered spouse who acted in self-defense. On appeal, he urges that the State failed to disprove his justification defense beyond a reasonable doubt.

The prosecution introduced evidence showing that Hufstetler was the abuser in the relationship and that he had a history of assaulting and threatening the victim. An expert witness for the State offered an opinion that Ms. Hufstetler, rather than appellant, was the battered spouse. Their son was an eyewitness to the homicide, and his testimony authorized a finding that his father shot his mother in a jealous rage and then fled the scene with the intent to kill her suspected paramour. Hufstetler evaded capture for several days and, when he was arrested, he was still in possession of the weapon used to kill the victim.

The jury was not required to believe the witnesses for the defense and to discredit those produced by the prosecution. Construing the evidence most strongly in favor of the verdict, it was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that he was not an abused spouse and was guilty of the malice murder of his wife. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Ware v. State*, 273 Ga. 16, 17 (1) (537 SE2d 657) (2000).

2. During voir dire of the expert called by the defense, the trial court initiated a colloquy with the witness. At one point in the exchange, the trial court stated: "I'm just not sure how many syndromes we have now." Although he made no contemporaneous objection, Hufstetler urges on appeal that, by making this comment in the presence of the jury, the trial court disparaged the battered spouse claim and committed "plain error." See *Paul v. State*, 272 Ga. 845, 848 (3) (537 SE2d 58) (2000).

Taken in context, the intent of the trial court's statement was to elicit from the expert an explanation for the distinction, if any, between the battered woman syndrome and the battered person or battered spouse syndromes. After acknowledging that the relationship between the various syndromes was a valid and relevant inquiry, the expert informed the trial court that, although first recognized in the case of abused women, the numerous syndromes were

---

[1] The homicide occurred on February 7, 1998. The grand jury indicted Hufstetler on May 7, 1998. The jury returned its guilty verdict on October 22, 1998. The trial court entered the judgment of conviction and sentence on October 23, 1998. Hufstetler filed a motion for new trial on November 20, 1998. The trial court denied that motion on April 17, 2000. Appellant filed a notice of appeal on May 5, 2000. The case was docketed in this Court on May 3, 2001. The appeal was submitted for decision on June 25, 2001.

not really separate but were "all under the same canopy." Upon receiving this explanation, the trial court expressly noted that it was "just doing this for information" and concluded by ruling that the witness was qualified as an expert on the battered person syndrome. Under these circumstances, no reasonable juror would have interpreted the trial court's remark as the expression of an opinion on any issue to be decided in the case. Compare *Paul v. State*, supra at 848 (1). In fact, the colloquy had the beneficial effect of educating the jury, as well as informing the trial court, on the evolution of the syndrome upon which Hufstetler predicated his defense. As there was no violation of OCGA § 17-8-57, reversal would not be authorized even if Hufstetler had made a timely objection and, thus, the "plain error" principle certainly has no application.

3. Appellant urges that his trial counsel was ineffective for several reasons.

Because the State's expert did not have an opportunity to perform a pre-trial evaluation of Hufstetler's battered spouse claim, defense counsel agreed that he could remain in the courtroom so that he could hear the other witnesses and formulate his opinion. According to Hufstetler, permitting the State's expert to arrive at his opinion in this manner was an instance of ineffective legal representation. However, the trial court, in the exercise of its discretion, would have been authorized to permit the witness to remain in the courtroom. See *Jack v. State*, 245 Ga. App. 216, 217 (2) (536 SE2d 235) (2000). Defense counsel simply acceded to the expert's presence without requiring the State to make a formal application to the trial court for an exception to the rule of sequestration. Moreover, a violation of the rule would affect only the weight and credibility of the witness' testimony, and would not authorize the exclusion of that testimony. The record shows that Hufstetler's trial attorney subjected the State's expert to a thorough and sifting cross-examination. Thus, appellant was not deprived of any of his Sixth Amendment rights.

Hufstetler contends that defense counsel was ineffective because he failed to object when the State's expert impermissibly bolstered the testimony of the prosecution's other witnesses. This contention was waived when appellant failed to raise it at the hearing on the motion for new trial. See *Thompkins v. State*, 272 Ga. 835, 836 (2) (c) (536 SE2d 747) (2000). Moreover, the record shows there was no bolstering, as the expert simply cited the testimony of the other witnesses as a partial basis for his own opinion that the victim, rather than Hufstetler, was the abused spouse. An expert witness is permitted to give the reasons for his opinion, which can include the factual testimony of other witnesses in the case. See *Walker v. Fields*, 28 Ga. 237 (2) (1859); *Electrical Workers Home Assn. v. Dept. of Transp.*, 198 Ga. App. 345, 346 (2) (401 SE2d 347) (1991).

Appellant also cites the failure to object to the trial court's comment regarding the number of syndromes currently recognized. As discussed in Division 2, however, the trial court's statement was not the expression of an impermissible opinion. Thus, defense counsel cannot be deemed ineffective for failing to object to a remark which did not violate OCGA § 17-8-57.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2001.

*W. Donald Patten, Jr.,* for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.