A01A2359. HINTON v. THE STATE.

(557 SE2d 481)

BARNES, Judge.

After a jury trial, Jeremy Hinton was convicted of aggravated child molestation, child molestation and false imprisonment for offenses committed against his ten-year-old niece, W. P. Hinton appeals from the denial of his motion for new trial, asserting that the State impermissibly introduced his character into evidence. Because we find the enumeration without merit, we affirm the conviction.

1. Hinton contends that the trial court committed reversible error by admitting evidence that Hinton had previously fondled W. P.'s older brother, claiming it violated OCGA § 24-9-20 (b) by placing his character in evidence. He argues that, because the State withdrew its notice of intent to present evidence of a similar transaction, it was precluded from questioning the witnesses about the fondling incident. Hinton maintains that the questioning impermissibly placed his character into evidence because he had not first put his character into evidence as required by OCGA § 24-9-20 (b).[1]

Hinton objects to testimony that arose during the cross-examination of a defense witness, W. P.'s mother, who is also his sister. The cross-examination was as follows:

Q: And talk about being protective you don't — you don't feel any need to protect your daughter from your brother do you, ma'am?
A: No, sir. I do not.
Q: Because you don't believe her, can you just admit that to me here in court? Can you tell these folks. You're on Mr. Hinton's side of this case, have been from the word go, why not just tell the jury that, ma'am?
A: My daughter never said a word to me about any of this happening.

---

[1] OCGA § 24-9-20 (b) provides that "no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue."

Q: And you think she should have come to you.
A: Based — Yes, sir. Based on —.
Q: And told you —.
A: Based on the facts and me knowing that my brother's never babysat with my kids. But I had no reason in the world to disallow that, *my brother has never ever exhibited any inappropriate behavior towards any of my kids.*

Following redirect from trial counsel, the State on recross asked:

Q: Ma'am, as I understand it — you just testified that you have no concerns about Mr. Hinton doing anything to your children; do I understand that right?
A: Yes, sir.
Q: Are you familiar with an incident in 1990 or 1991 where your husband made a complaint to you that he had found Mr. Hinton fondling the penis of your son?

Over Hinton's objection, the trial court allowed the witness to testify about the incident.

Generally, a party's character and conduct in other transactions are irrelevant, and evidence of a criminal defendant's general bad character is not admissible unless the defendant first puts his character in issue. OCGA §§ 24-2-2; 24-9-20 (b). But "[a] witness may be impeached by disproving the facts testified to by him." OCGA § 24-9-82. "Testimony may be admissible for the purpose of impeaching the veracity of a witness even if it would be impermissible if offered for the purpose of impeaching the defendant's character." *Martin v. State*, 205 Ga. App. 591, 593 (4) (422 SE2d 876) (1992).

In the present case the prosecutor did exactly that in questioning Hinton's sister about Hinton's prior sexual misconduct with her son after she had testified that Hinton had never exhibited any inappropriate behavior toward *any* of her children. The sister's testimony opened the door for the State to impeach her regarding her previous statement. *Krebsbach v. State*, 209 Ga. App. 474 (1) (433 SE2d 649) (1993).

While Hinton argues that the line of cross-examination was purposefully directed toward compelling his sister to respond to questions that placed his character at issue (see *Arnold v. State*, 193 Ga. App. 206, 208 (387 SE2d 417) (1989)), we do not agree. The prosecutor's questioning appeared to be an attempt to expose Hinton's sister's bias toward her brother. "The state of a witness's feelings toward the parties and [her] relationship to them may always be proved for the consideration of the jury." OCGA § 24-9-68. Further, the prosecutor's questioning about the fondling incident went no further than

necessary to rebut the sister's unsolicited denial of any prior inappropriate behavior toward her children. *St. Romaine v. State*, 251 Ga. App. 212, 213-214 (1) (554 SE2d 505) (2001).

2. Hinton also argues that the State impermissibly questioned him about the same incident as well, but by his failure to object below, Hinton waived the right to raise the issue on appeal. *Turner v. State*, 245 Ga. App. 294, 299 (5) (536 SE2d 814) (2000).

Because the prior conduct was admissible, not as evidence of bad character but to rebut the defense witness's testimony, the evidence constituted impeachment, not character evidence. The trial court did not err in overruling defendant's objection.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 14, 2001.

*Virgil L. Brown & Associates, Eric D. Hearn*, for appellant.
*William T. McBroom III, District Attorney, Robert H. English, Daniel A. Hiatt, Assistant District Attorneys*, for appellee.