A03A1675. SMITH v. THE STATE.
(593 SE2d 695)

ADAMS, Judge.

Torre Smith appeals from a conviction and sentence of homicide by vehicle in the first degree and three counts of serious injury by vehicle based upon an underlying reckless driving offense. He enumerates six errors including the sufficiency of the evidence.

1. Construed in favor of the verdict, the evidence shows that after drinking beer and smoking marijuana, Smith drove James Armstrong's sport utility vehicle with two friends riding as passengers. At about 1:00 a.m., Smith was driving northbound on Lawrenceville Highway where the speed limit is 45 mph, on a road that was wet from an earlier rain. But Smith "blew past" a car driven by Preston Parkhurst, who was traveling about 40 or 45 mph, at a speed characterized by witnesses as "flying" and as "a high rate of speed."

---

[3] (Citation and punctuation omitted.) *State v. Johnson*, 274 Ga. 511, 512 (555 SE2d 710) (2001).

[4] Id.

[5] See also *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992); *State v. Redding*, 274 Ga. 831 (561 SE2d 79) (2002).

Parkhurst estimated Smith's speed at about 60 to 70 mph, and he saw Smith turning to hand something to a back seat passenger as he drove by. Parkhurst and his passenger witnessed Smith swerve to avoid a car in front of them that was driving about 40 mph, slide into the opposite lane, and crash into an oncoming car, which caused Smith's vehicle to fly into the air, roll, hit a fire hydrant, and land upside down. One of Smith's passengers was ejected from the vehicle and died three days later from his injuries; the other passenger was seriously injured. Smith walked away from the accident. He initially denied driving the vehicle but eventually told the police that he had been.

Cynthia Cook was driving the car struck by Smith, and Mark McBride was her passenger. They were traveling between 30 and 45 mph, and neither noticed Smith in time to take evasive action. It was stipulated that both suffered serious injuries in the crash.

Smith was charged with a count of homicide by vehicle and three counts of serious injury by vehicle based on the underlying offense of driving under the influence of alcohol to the extent that it was less safe to drive. He was also charged with four similar counts based on the underlying offense of reckless driving. Following a trial by jury, Smith was acquitted on the four counts based on DUI but convicted on the four counts based on reckless driving.

The reckless driving counts each alleged that Smith operated his vehicle "in reckless disregard for the safety of persons or property by failing to maintain a safe following distance and by swerving to avoid a vehicle ahead of his on the wet roadway thereby losing control of his vehicle and subsequently crossing into the oncoming lane of traffic striking another motor vehicle. . . ." The evidence was sufficient to support the verdicts. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Smith contends the trial court erred by admitting a photograph of the deceased because the picture also included the deceased's sister. At trial, Smith objected on the grounds that inclusion of the sister would be "distracting [because] it has someone else in the picture." On appeal, Smith argues that the sister's appearance in the photograph was not relevant and that its prejudicial effect outweighed its probative value. Because Smith did not object on the same grounds urged on appeal this claim of error is waived. See *Zachery v. State*, 238 Ga. App. 191, 192 (2) (517 SE2d 71) (1999); *Ross v. State*, 231 Ga. App. 793, 801 (14) (499 SE2d 642) (1998). Furthermore, even assuming Smith raised the objection now before us, we do not find that the trial court abused its discretion by allowing the photograph. Generally, it is not error to admit a photograph of the victim while in life. *Norton v. State*, 263 Ga. 448, 450 (6) (435 SE2d 30)

(1993). And we find no basis for concluding that allowing the photograph with the deceased's sister was an abuse of discretion.

3. Smith contends the trial court erred by denying his motion in limine to exclude his un-*Mirandized*, oral statements to police officers initially denying, then admitting, that he was driving the sport utility vehicle. But any possible error is harmless because his surviving passenger testified at trial that Smith was driving. See *Cox v. State*, 274 Ga. 204, 205-206 (553 SE2d 152) (2001). "Proof of the same fact by legally admissible evidence renders harmless admission of incompetent or inadmissible evidence." *Butler v. State*, 172 Ga. App. 405, 407 (2) (323 SE2d 628) (1984). Smith also argues that his admission triggered a request that he consent to a blood alcohol test, to which he initially agreed but later refused, which in turn allowed the state to introduce his refusal as evidence against him. See OCGA § 40-6-392 (d). But Smith was acquitted of driving under the influence and therefore any possible error is harmless.

4. Smith contends that the court erred by admitting his book-in photograph. The photograph reveals that Smith had dreadlocks at the time of the accident; he had changed his hairstyle prior to trial. Smith objected on the ground that the photograph was not relevant because there was no issue of identification and the prejudicial effect outweighed the probative value. The State argued that the photograph revealed how Smith looked at the time of the incident and suggested that it provided some evidence that Smith was intoxicated. The court allowed the photograph.

Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion. *Bradford v. State*, 221 Ga. App. 232, 234 (2) (471 SE2d 248) (1996). Here, the trial court was in the best position to assess whether Smith's book-in photograph, as compared to his appearance in court, suggested that he was intoxicated at the time of the accident. The court was also in the best position to determine whether that evidence was outweighed by the possible prejudicial effect associated with Smith's hairstyle at the time of his arrest.

The case of *DeCastro v. State*, 221 Ga. App. 83 (470 SE2d 748) (1996), is nonprecedential and not on point. In that case, which involved the admissibility of a book-in photograph showing that the defendant had dreadlocks at the time of his arrest, the photograph was not relevant to any issue in the case. Id. at 84. Although the state argued that it was relevant because it might help explain the victim's fear of the defendant at the time, the photograph was not taken until more than a week after the underlying offense occurred. Id. at 86. Here, the photograph was represented as Smith's book-in photograph, the evidence established that he was arrested on the

night of the accident, and the arresting officer testified that the photograph was consistent with how Smith appeared on the night he was arrested. And the photograph was possibly relevant to whether Smith was intoxicated that night. See, e.g., *Mattarochia v. State*, 200 Ga. App. 681, 684 (4) (409 SE2d 546) (1991). We find no abuse of discretion.

5. Smith "asserts that the trial court violated OCGA § 17-8-57, which prohibits the court from expressing or intimating its opinion as to what has or has not been proved or as to the guilt of the accused. However, the issue of whether OCGA § 17-8-57 was violated is not reached unless an objection or motion for mistrial is made on that ground. [Cits.] Because [Smith] failed to make the proper objection at trial, the right to raise this issue on appeal has been waived." *Whitner v. State*, 276 Ga. 742, 744 (3) (584 SE2d 247) (2003). And, our review of the incident at issue reveals no plain error. See *Paul v. State*, 272 Ga. 845, 848-849 (3) (537 SE2d 58) (2000) (plain error rule applies to violations of OCGA § 17-8-57). See also *Lynd v. State*, 262 Ga. 58, 61 (8), n. 2 (414 SE2d 5) (1992) (" 'Plain error' is that which is 'so clearly erroneous as to result in a likelihood of a grave miscarriage of justice' or which 'seriously affects the fairness, integrity or public reputation of a judicial proceeding.' ").

6. Finally, Smith contends that the court erred by permitting two prosecutors to give closing arguments in violation of OCGA § 17-8-70. This alleged error is controlled adversely to Smith by the recent Supreme Court case of *Sheriff v. State*, 277 Ga. 182 (587 SE2d 27) (2003).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 20, 2004

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney*, for appellee.