## A04A0233. LOCKABY v. THE STATE.
(594 SE2d 729)

ELDRIDGE, Judge.

Following a jury trial, Roy Lockaby, Jr. was found guilty of possession of amphetamine. He appeals from the conviction and judgment entered thereon. Without challenging the sufficiency of the evidence, Lockaby argues that error occurred during the trial of his case in that comments made by the trial court during the course of the trial showed partiality in violation of OCGA § 17-8-57 and that his character was placed into evidence in violation of OCGA §§ 24-2-2 and 24-9-20 (b). Finding no error, we affirm.

Taken in the light most favorable to the jury's verdict,[1] the evidence presented at trial showed that Dawn Wright, a probation officer with the Sentinel Offender Services, was assigned to supervise Lockaby's probation as part of her duties. One of the special con-

---

[10] (Citations and punctuation omitted.) *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 844 (2) (a) (392 SE2d 37) (1990).

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

ditions of Lockaby's probation was that he submit to random drug and alcohol tests. On August 3, 2001, when Lockaby reported to the probation office, Wright requested that he submit to a drug test. The results showed that Lockaby had amphetamines in his system.

1. Contrary to Lockaby's assertions, the trial court did not improperly comment on the evidence in violation of OCGA § 17-8-57.

Pursuant to OCGA § 17-8-57 "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." Where a trial judge is alleged to have made a prejudicial remark during the course of the trial in violation of such Code section, absent plain error, an objection or motion for mistrial must be made in order to preserve the issue for appeal. *Paul v. State*, 272 Ga. 845, 848-849 (2), (3) (537 SE2d 58) (2000); *Caldwell v. State*, 247 Ga. App. 191-197 (1) (542 SE2d 564) (2000); *Hardwick v. State*, 250 Ga. App. 390, 391-392 (2) (551 SE2d 789) (2001). In this case, no objection or motion for mistrial was made to any of the statements now complained of by Lockaby. Thus, absent plain error, the issue was not preserved for appeal.

The first comment Lockaby complains of was made during the motion in limine hearing outside the presence of the jury. "Inasmuch as the purpose of OCGA § 17-8-57 is to prevent the jury from being influenced and the jury was not present at the time of these remarks, the statute was not violated. [Cit.]" *Flantroy v. State*, 231 Ga. App. 744, 746 (3) (501 SE2d 10) (1998). See also *Jones v. State*, 250 Ga. 498, 499-500 (4) (299 SE2d 549) (1983); *Miller v. State*, 243 Ga. App. 764, 768 (15) (533 SE2d 787) (2000); *McDonald v. State*, 170 Ga. App. 884 (1) (318 SE2d 749) (1984).

Lockaby further complains that the trial court admonished defense counsel on several occasions for asking defense witnesses leading questions on direct examination. The trial court's comments were limited in scope to directing defense counsel not to lead the witness and did not involve Lockaby's guilt or innocence. Further, the trial court's comments did not express an opinion on what had or had not been proved. "A trial judge's explanation for a ruling on an objection neither constitutes an expression of opinion nor amounts to a comment on the evidence." (Citation and punctuation omitted.) *Martinez v. State*, 259 Ga. App. 402, 406 (4) (b) (577 SE2d 82) (2003). Therefore, there was no violation of OCGA § 17-8-57. *Hardwick v. State*, supra at 391-392 (2).

Lastly, Lockaby complains that the trial court sustained the prosecutor's objection to defense counsel asking a leading question before the question had been fully stated. The trial court did not prohibit defense counsel from asking the question in a nonleading manner. The trial court's response of "Sustain the objection" to the prose-

cutor's statement "Objection, leading" in the middle of defense counsel's question was not a violation of OCGA § 17-8-57. As none of the trial court's comments violated OCGA § 17-8-57, "reversal would not be authorized even if [Lockaby] had made a timely objection and, thus, the 'plain error' principle certainly has no application." *Hufstetler v. State*, 274 Ga. 343, 345 (2) (553 SE2d 801) (2001).

2. Lockaby further contends that his character was placed in evidence in violation of OCGA §§ 24-2-2 and 24-9-20 (b) when the prosecutor questioned him concerning a prior positive drug screen. During cross-examination of Lockaby by the prosecutor, the following dialogue occurred.

> Q. Okay. So you knew that when he came to serve this warrant, he was serving a warrant on you for what happened in Helen that night you were out with Nolan Parker?
> A. I didn't until I looked at it.
> Q. Once you looked at it, though, you knew that you were being arrested for the drug screen that happened right after your night out with Nolan Parker, right?
> A. I knew I was being arrested for possession of amphetamine.
> Q. And you knew that it was because you had tested positive for a drug screen on August 3rd; right?
> A. Apparently.
> Q. I'm just asking if you knew. I don't know if you knew or not. Did you know that was what you were being arrested for?
> A. Yes, sir, that's what he told me I was being arrested for, possession of amphetamines.
> Q. For possession of amphetamines the night you were in Helen with Nolan Parker? I'm not saying that he told you that, but did you know that's what you were being arrested for?
> A. I guess I did know, because that's the only time I'd ever, only time anything ever showed up on that, so I guess it was.
> Q. So you've never had a positive drug screen before; is that what you're telling me?
> [Defense counsel]: Objection, Your Honor.

Over Lockaby's objection, the trial court allowed the witness to answer the question to which Lockaby testified that he had a previous drug screen which tested positive for marijuana.

> Generally, a party's character and conduct in other transactions are irrelevant, and evidence of a criminal

defendant's general bad character is not admissible unless the defendant first puts his character in issue. OCGA §§ 24-2-2; 24-9-20 (b). But "(a) witness may be impeached by disproving the facts testified to by him." OCGA § 24-9-82. "Testimony may be admissible for the purpose of impeaching the veracity of a witness even if it would be impermissible if offered for the purpose of impeaching the defendant's character." *Martin v. State*, 205 Ga. App. 591, 593 (4) (422 SE2d 876) (1992).

*Hinton v. State*, 253 Ga. App. 69, 70 (1) (557 SE2d 481) (2001). In this case, the prosecutor's purpose in questioning Lockaby about any prior positive drug screens was to impeach his unsolicited assertion that the drug screen that was the basis of his prosecution was his only positive drug screen. See *St. Romaine v. State*, 251 Ga. App. 212, 213-214 (1) (554 SE2d 505) (2001); *Hinton v. State*, supra; *Thrasher v. State*, 204 Ga. App. 413-414 (1) (419 SE2d 516) (1992). Hence, there was no error.

Lockaby further contends his character was placed into evidence when the prosecutor asked him if he knew what marijuana felt like, to which he responded in the affirmative. However, Lockaby made no objection at trial and has, therefore, waived objection to it on appeal. *Young v. State*, 221 Ga. App. 462, 463 (2) (471 SE2d 523) (1996).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 11, 2004.

*Jeb W. Chatham*, for appellant.

*N. Stanley Gunter, District Attorney, Gerald W. Bruce, Kerry I. Banister, Assistant District Attorneys*, for appellee.