A05A2150. MATHIS v. THE STATE.
(622 SE2d 857)

JOHNSON, Presiding Judge.

A jury found Thomas Sherrod Mathis guilty of running a red light and operating a motor vehicle in violation of the habitual violator statute. The jury was unable to reach a verdict on counts charging Mathis with interference with government property and driving while under the influence. In a single enumeration of error, Mathis alleges the trial court erred in denying his motion for new trial because the court repeatedly expressed an opinion as to the merits of his case. We find no error and affirm Mathis' convictions.

OCGA § 17-8-57 provides that it is error for any judge in a criminal case to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Here, Mathis does not cite to any portions of the record wherein the trial court allegedly offers an opinion as to what has been proved or as to the merits of the case; nor does he point to any statement of opinion by the trial court regarding Mathis' guilt or innocence. Instead, he argues that the trial court's opinion in violation of OCGA § 17-8-57 was extrapolated by the jury from the court's *"sua sponte* rebukes, improperly sustaining an un-meritorious objection from the state, and by not sustaining a proper objection from counsel." Mathis argues that "[t]he conduct of the court intimated to the jury that Defendant's counsel was not worthy of belief and thus that Defendant's theory of his case was not worthy of belief." This enumeration of error is without merit.

We first note that no objection or motion for mistrial was made with regard to the trial court's conduct about which Mathis now complains. Because Mathis did not move for a mistrial, his complaint regarding the OCGA § 17-8-57 violation has been waived.[1] However, the "plain error" doctrine applies to allegations of improper judicial commentary.[2] Therefore, where, as in the present case, a defendant fails to object or move for a mistrial after the judge's remarks, an appellate court conducts a two-part inquiry:

> First, we determine whether the commentary was improper. Then, we review the commentary to determine whether it amounted to an obvious violation of OCGA § 17-8-57, meaning that it seriously affected the fairness, integrity, or public reputation of these judicial proceedings.[3]

A thorough review of the comments by the trial court of which Mathis complained reveals that each was directed toward keeping the judicial proceedings in compliance with court and evidentiary rules. No comment reflected upon either the evidence or Mathis.

Mathis argues that during his opening statement, the trial court sua sponte interrupted counsel before the jury: "Sir, in opening statements you don't argue, you lay out the evidence." Shortly thereafter, the court again sua sponte interrupted counsel's opening statement: "All right, now you are arguing. Again please stick with opening statements." This commentary was not improper. The trial

---

[1] See *Raheem v. State,* 275 Ga. 87, 94 (10) (560 SE2d 680) (2002); *Paul v. State,* 272 Ga. 845, 848 (2) (537 SE2d 58) (2000).

[2] *Paul,* supra at 848-849 (3).

[3] (Citation and punctuation omitted.) *Milner v. State,* 270 Ga. App. 80 (606 SE2d 91) (2004).

court's comments were "limited in scope to directing defense counsel . . . and did not involve [Mathis'] guilt or innocence. Further, the trial court's comments did not express an opinion on what had or had not been proved."[4]

Mathis also argues that during the state's case, the court "berated" counsel before the jury with regard to counsel's objection to the tender of an arresting officer as an expert. Upon the state's tender of the arresting officer as an expert in the field of marijuana detection and also on the detection of persons under the influence of various intoxicants, the court asked counsel for a response. Counsel replied that an expert was not necessary to elicit evidence and testimony of the nature sought to be introduced through the witness. The court stated, "That's not the question. He's tendered him as an expert. What is your response to him tendering him as an expert?" Counsel reiterated his objection that the subject matter was not "worthy of expert opinion." The court responded, "Overruled," and again asked counsel whether he objected to the tender. When counsel responded that he did object on the same grounds he had just expressed, the court said, "No, sir, approach." Once back on the record, counsel responded that he did not object to the officer's credentials. Again, we find no improper comment by the trial court. "[T]he rule which prohibits an expression or intimation of opinion by the trial court as to what has or has not been proved, OCGA § 17-8-57, does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence."[5]

Mathis claims the court's rulings on objections violated OCGA § 17-8-57. According to Mathis, the court sustained the prosecutor's "asked and answered" objection, but overruled an objection of the same nature from defense counsel. And, Mathis argues the trial court sua sponte admonished his counsel for "arguing with the witness" and later made a sua sponte admonition before the jury that one of counsel's questions called for speculation, but never offered any sua sponte admonishments to the prosecutor. There is no improper comment in the transcript. Sustaining or overruling an objection is not a violation of OCGA § 17-8-57.[6] Furthermore, "remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence."[7]

---

[4] *Lockaby v. State*, 265 Ga. App. 527, 528 (1) (594 SE2d 729) (2004).

[5] (Citation and punctuation omitted.) *Creed v. State*, 255 Ga. App. 425, 427-428 (1) (565 SE2d 480) (2002).

[6] See generally *Lockaby*, supra; *Creed*, supra at 427.

[7] (Citation and punctuation omitted.) *Crowe v. State*, 265 Ga. 582, 594 (19) (458 SE2d 799) (1995).

Finally, Mathis argues that the trial court made similar commentary errors during closing argument. The prosecutor objected when defense counsel stated, "Well, why do I think that's [a piece of evidence] important" as improperly injecting counsel's personal opinion into the case. However, before the trial court could rule on the objection, Mathis' counsel stated, "Strike that, I will rephrase, I apologize." To which the court responded, "Please don't cross into that." "[A] litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. . . . Acquiescence deprives him of the right to complain further."[8]

Subsequently, the trial court again interrupted closing argument: "Hold on, now you are testifying. Confine your argument to appropriate closing argument. Do not attempt to testify. Ladies and gentlemen, disregard those last statements by [counsel]." The trial court also curtailed defense counsel's closing argument regarding the absence of a videotape of the arresting officer's encounter with Mathis. There is no erroneous commentary. When counsel makes prejudicial misstatements to the jury concerning matters not in evidence, the trial court has an affirmative duty to interpose and prevent the misstatements.[9] Although Mathis argues that the trial court should have rebuked the prosecutor during closing argument for misstating the facts, we find no error.

Contrary to Mathis' arguments, the complained of comments by the trial court demonstrate authorized attempts to control the conduct of the trial and to guide the defense attorney to ensure a fair trial and the orderly administration of justice. The comments were limited in scope, did not involve Mathis' guilt or innocence, and did not express an opinion on what had or had not been proved. As none of the trial court's comments violated OCGA § 17-8-57, reversal would not be authorized even if Mathis had made a timely objection and, thus, the plain error principle has no application here.[10]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED NOVEMBER 2, 2005.

*Wystan B. Getz*, for appellant.

---

[8] *Bixby v. State*, 254 Ga. App. 212-213 (1) (561 SE2d 870) (2002).

[9] See OCGA § 17-8-75; *Lassic v. State*, 278 Ga. 701, 702-703 (2) (606 SE2d 266) (2004).

[10] See *Hufstetler v. State*, 274 Ga. 343, 345 (2) (553 SE2d 801) (2001).

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.