A06A2289. MEEKER v. THE STATE.
(637 SE2d 806)

BLACKBURN, Presiding Judge.

Following a jury trial, Wesley Mitchell Meeker was convicted on a felony count of obstructing an officer,[1] a misdemeanor count of obstructing an officer,[2] and a felony count of interfering with government property.[3] He appeals, challenging the sufficiency of the evidence and asserting that (i) the trial court commented on the evidence, (ii) the State engaged in prosecutorial misconduct, (iii) he received ineffective assistance of counsel, and (iv) juror misconduct invalidated the verdict. For the reasons set forth below, we affirm.

[1] OCGA § 16-10-24 (b).
[2] OCGA § 16-10-24 (a).
[3] OCGA § 16-7-24 (a).

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[4] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[5]

So viewed, the evidence shows that Meeker's neighbors called police when they heard Meeker and his wife screaming and fighting, saw household items thrown out Meeker's door, and then saw Meeker exit the house, obtain an axe, and return to the house with the brutal weapon. When two officers arrived, Meeker met them in the driveway, claimed everything was all right, forbade them from entering his home, and ordered them off his property. Observing that the front door, which had been knocked off its hinges, was lying on the ground with other household items, and that Meeker had blood on his arm and smelled of alcohol, the officers indicated that one intended to check on Meeker's wife. As one officer proceeded toward the house, Meeker grabbed him from behind and forcefully shoved him onto the hood of a nearby vehicle. The second officer wrestled the resisting Meeker to the ground and eventually handcuffed him. With Meeker threatening to attack the officers and to kill one of them, they placed him in the back seat of the patrol vehicle, where he then violently kicked the interior of the vehicle until an interior door handle broke off and a window was forced off its frame. Police spoke with Meeker's wife, who had blood on her shirt, a swollen bloody nose, and scratches on her arm. They also viewed the interior of the residence, where numerous household items had been broken throughout the house.

Charged with two felony counts of obstructing an officer, with terroristic threats, with interfering with government property, and with simple battery, Meeker testified at trial that he never struck his wife nor laid hands on the police. He did admit to damaging the door and window of the police vehicle. The court granted a directed verdict on the terroristic count. Acquitting Meeker on the simple battery count, the jury found him guilty on one felony count of obstructing an officer, on a misdemeanor charge of obstructing an officer (a lesser included offense of the second felony charge of obstruction), and on the count of interfering with government property. Obtaining new counsel, Meeker moved for a new trial, which the court after an evidentiary hearing denied. Meeker appeals.

---

[4] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Based on the evidence cited above, Meeker's challenge to the sufficiency of the evidence fails. The officers testified that Meeker forcefully shoved one of the officers into a nearby vehicle as that officer was proceeding to check on the welfare of Meeker's wife. Thus, while obstructing and hindering that officer in the lawful discharge of his duties, Meeker did violence to his person, which showed the elements of felony obstruction of an officer. See OCGA § 16-10-24 (b); *Panzner v. State.*[6] Meeker's resisting the other officer while he was arresting Meeker showed misdemeanor obstruction of an officer. See OCGA § 16-10-24 (a); *Wilson v. State.*[7] And breaking off the interior door handle of the patrol vehicle and forcing the vehicle's window off its frame showed interference with government property. See OCGA § 16-7-24 (a); *Weldon v. State.*[8]

2. Meeker contends that the trial court commented on the evidence in violation of OCGA § 17-8-57 when it questioned one of the neighbors about his knowledge of the melee. Specifically, Meeker argues that the court's questioning of the neighbor with concurrent admonitions not to testify about hearsay statements made by the neighbor's wife (who had earlier testified) led the jury to believe that the trial court "did not believe [the wife's] testimony and did not find it worthy of corroboration."

Meeker failed to object to these actions by the court or to move for a mistrial on this basis. "Because [Meeker] failed to make the proper objection at trial, the right to raise this issue on appeal has been waived." *Whitner v. State.*[9] Nevertheless, we are obliged to address the issue under the "plain error" rule. See *Paul v. State.*[10] Cf. *Lynd v. State*[11] (" '[p]lain error' is that which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding") (punctuation omitted).

Statements made by the neighbor's wife were clearly hearsay, and Meeker made no attempt to introduce those statements under any exception to the hearsay rule. As in *Mathis v. State,*[12] a thorough review of the questioning by the trial court reveals that its efforts were directed toward keeping the judicial proceedings in compliance with evidentiary rules. "No comment [or question] reflected upon

---

[6] *Panzner v. State*, 273 Ga. App. 868, 869-870 (616 SE2d 201) (2005).

[7] *Wilson v. State*, 270 Ga. App. 555, 556-557 (607 SE2d 197) (2004).

[8] *Weldon v. State*, 262 Ga. App. 854 (1) (586 SE2d 741) (2003).

[9] *Whitner v. State*, 276 Ga. 742, 744 (3) (584 SE2d 247) (2003).

[10] *Paul v. State*, 272 Ga. 845, 848-849 (3) (537 SE2d 58) (2000).

[11] *Lynd v. State*, 262 Ga. 58, 61 (8), n. 2 (414 SE2d 5) (1992).

[12] *Mathis v. State*, 276 Ga. App. 205, 206 (622 SE2d 857) (2005).

either the evidence or [Meeker]." Id. Accordingly, we find no plain error. See *Smith v. State*.[13]

3. Meeker claims that the prosecutor improperly stated in closing argument that Meeker was "facing what's now a four-count felony indictment," when in fact the charges at that point were only three felonies and one misdemeanor (in light of the court's granting a directed verdict on the terroristic threat count). Asserting such constituted prosecutorial misconduct, Meeker argues that the court should have granted him a new trial. This argument fails.

Meeker did not object to this statement when it was made and therefore has waived this issue. See *Mullins v. State*[14] ("[i]n the appeal of a non-capital case in either appellate court, the defendant's failure to object to the State's closing argument waives his right to rely on the alleged impropriety of that argument as a basis for reversal"). Characterizing the statement as prosecutorial misconduct does not avoid this waiver. *Watson v. State*.[15]

Moreover, even if Meeker had preserved this matter for appeal, the challenged statement was not improper. At the time the statement was made, four counts remained against Meeker, three of which were felony counts. Thus, the prosecutor made no error in referencing a "four-count felony indictment," for there were indeed four counts and most of them were felonies. And even if the representation were somehow misleading, there is no reason to believe, nor has Meeker shown, that this single statement somehow prejudiced Meeker. Contrary to Meeker's argument, referring to felonies does not inject punishment into the jury's deliberations on guilt or innocence. *Wynn v. State*.[16]

4. Meeker asserts that the trial court erred in finding he had failed to carry his burden of proving that he received ineffective assistance of counsel. As evidence supported the court's finding, we affirm.

To prevail on a claim of ineffective assistance, the defendant bears the burden of showing that trial counsel's performance was deficient and that, but for the deficient performance, a reasonable probability exists that the trial could have ended differently. *Jones v. State*.[17] See *Strickland v. Washington*.[18] Regarding the first prong, "[t]here is a strong presumption that counsel's conduct fell within the

---

[13] *Smith v. State*, 265 Ga. App. 236, 239 (5) (593 SE2d 695) (2004).

[14] *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999).

[15] *Watson v. State*, 278 Ga. 763, 775 (17) (604 SE2d 804) (2004).

[16] *Wynn v. State*, 236 Ga. App. 98, 101 (4) (511 SE2d 201) (1999).

[17] *Jones v. State*, 279 Ga. 854, 855 (2) (622 SE2d 1) (2005).

[18] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

broad range of professional conduct." *Harris v. State.*[19] We accept the trial court's finding that counsel's performance did not fall below an objective standard of reasonableness unless clearly erroneous. Id. at 412-413.

Meeker first claims that his counsel was deficient in failing to cross-examine one of the officers who testified. At the hearing on the motion for new trial, counsel testified that because the officer's testimony was so damaging, counsel made the strategic decision to get him off the stand as soon as possible. "[I]t's the point that you have a witness whose testimony is boring a hole in your defense. . . . He's got that white hot welding rod, and he's going right through your defense with it, and no matter what you ask him, you're not going to be able to put that out, so my position at that point would be, get him off the stand." Choosing on such grounds to not cross-examine a witness has been held to be an acceptable strategy and does not constitute deficient performance. *Harris v. State,* supra, 268 Ga. at 413, n. 4. See *McMillian v. State;*[20] *Rose v. State.*[21] Per trial counsel's testimony, his decision to not introduce the neighbor's wife's prior statements was similarly a strategic decision.

Meeker next claims that his counsel failed to object to the trial court's questioning of the neighbor as a violation of OCGA § 17-8-57. However, as shown in Division 2 above, such an objection would have been futile and therefore cannot serve as a basis for ineffective assistance. See *Fielding v. State.*[22]

Meeker finally claims that his counsel failed to object to the "four-count felony indictment" statement in the prosecutor's closing argument. But as shown in Division 3 above, this objection would have been futile also.

As evidence supported the trial court's findings, we hold that the trial court did not clearly err in finding that Meeker failed to carry his burden of showing his counsel acted deficiently.

5. Meeker claims that the jurors began their deliberations before the close of the evidence and that therefore he is entitled to a new trial based on juror misconduct. But the jurors testified at the motion for new trial hearing that this did not occur, and even the dismissed juror, who allegedly communicated to trial counsel's paralegal that such had occurred, denied making such a statement. As evidence supported the trial court's finding of no misconduct, we must affirm.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

---

[19] *Harris v. State,* 268 Ga. 412 (490 SE2d 96) (1997).

[20] *McMillian v. State,* 263 Ga. App. 782, 785-786 (3) (589 SE2d 335) (2003).

[21] *Rose v. State,* 258 Ga. App. 232, 236 (2) (c) (573 SE2d 465) (2002).

[22] *Fielding v. State,* 278 Ga. 309, 311 (3) (602 SE2d 597) (2004).

DECIDED OCTOBER 24, 2006.

*Jeffrey L. Wolff*, for appellant.

*N. Stanley Gunter, District Attorney, Jeremy D. Clough, Assistant District Attorney*, for appellee.