# Court of Appeals
# of the State of Georgia

ATLANTA,  January 07, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0943. JEREMY HINTON v. THE STATE.**

In 2000, Jeremy Hinton was convicted of aggravated child molestation, child molestation and false imprisonment. This Court affirmed his convictions on appeal. See *Hinton v. State*, 253 Ga. App. 69 (557 SE2d 481) (2001). In 2017, Hinton filed a motion to correct a void sentence. On September 21, 2017, the trial court denied Hinton's motion, and Hinton filed this appeal. We lack jurisdiction.

First, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Because Hinton filed his notice of appeal on November 8, 2017, 48 days after entry of the trial court's order, his appeal is untimely.

Second, even if Hinton's appeal had been timely filed, this Court would still lack jurisdiction. "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). And a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Hinton asserts that his sentence is void because the trial court should have merged his conviction for child

molestation with his conviction for aggravated child molestation. But Hinton's merger argument is a challenge to his convictions, not to his sentence; thus, he has failed to state a valid void-sentence claim, and his appeal is subject to dismissal. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010).

For these reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
     Clerk's Office, Atlanta,__01/07/2019_____
     I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
     Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.